**Peggy SUTHERLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64355.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 12, 1983.

Bill Frizzell, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant entered a plea of not guilty before the court to the offense of delivery of a controlled substance, Hydromorphone. She was convicted and the court assessed punishment, enhanced by proof of a prior felony conviction, at imprisonment in the Texas Department of Corrections for 15 years.

On March 1, 1983, in an unreported per curiam opinion 646 S.W.2d 463, a companion conviction was affirmed and this conviction was abated. Appellant's retained counsel in this case had filed a frivolous appeal brief. This Court abated the appeal for compliance with *High v. State,* 573 S.W.2d 807 (Tex.Cr.App.1978).

This Court has received a supplemental transcript from the trial court presenting additional information. The appeal is reinstated.

The supplemental transcript indicates that appellant, after being released on ap-

peal bond, retained counsel to represent her on appeal. After being retained and before filing the appellate brief in this case, counsel made numerous attempts to contact the appellant regarding the appeal. Counsel states under oath that his client left for the State of Florida and will not return. He states that he had no contact with his client after being retained in this matter and that, for this reason, he cannot certify compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State,* 436 S.W.2d 137 (Tex. Cr.App.1969).

This information supplied by counsel is made under oath and is not challenged by the State. Under these circumstances, to abate this case again would be to require counsel to do a useless act.

We have carefully reviewed the record and find nothing that requires our review in the interest of justice.

The judgment is affirmed.