**Charles E. WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–306–CR.**

Court of Appeals of Texas, Waco.

Feb. 14, 2001.

Kenneth Weatherspoon, Dallas, for appellant.

Bill Hill, Dallas County District Attorney, Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

The trial court found Charles Edward Wilson guilty of the offense of possession of cocaine with the intent to deliver and assessed punishment of 5 years' incarceration and a $1,000 fine. Wilson was released from confinement on a $10,000 appeal bond. Although he timely filed his notice of appeal and the record has been filed with this court, his retained attorney has not filed a brief on his behalf. We abated the cause to the trial court for a determination of why no brief had been filed on Wilson's behalf, whether he desires to proceed with the appeal, and whether he is indigent. Tex.R.App.P.

38.8(b)(1). The trial court conducted a hearing and found that Wilson "appears to have absconded." Because Wilson did not appear at the hearing, the trial court was unable to determine if Wilson wished to prosecute this appeal or whether he is indigent. The court did find that Wilson's retained attorney has not abandoned the appeal, although that attorney has not been paid.[1] Counsel contends that he attempted, unsuccessfully, to contact Wilson. Certified letters were sent to the last known address of Wilson and his mother, and both were returned as undeliverable. The record reflects that the Dallas Police Department has been searching for Wilson and has been unable to find him. Because he has had no contact with Wilson and because he has not been paid to pursue this appeal, Wilson's counsel cannot file a brief.[2]

Abating this case again would be useless. *Sutherland v. State,* 658 S.W.2d 169, 170 (Tex.Crim.App.1983); *Ricketts v. State,* 39 S.W.3d 391, 392, (Tex.App.—Waco 2001, no pet. h.). We have carefully reviewed the record before us and find nothing that requires a reversal of this cause. *See id.; see also Wade v. State,* 31 S.W.3d 723, 725–26 (Tex.App.—Houston [1st Dist.] 2000, no pet. h.).

The judgment is affirmed.

---

1. Furthermore, counsel paid for the appellate record out of his own funds.

2. Because he has no contact with Wilson, he likewise cannot certify compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in filing a brief stating that the appeal is frivolous. *Sutherland v. State,* 658 S.W.2d 169, 170 (Tex.Crim.App. 1983).