Leslie RICKETTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–096–CR.

Court of Appeals of Texas,
Waco.

Feb. 14, 2001.

Bruno A. Shimek, Bryan, for appellant.

John C. Paschall, Robertson County District Attorney, Franklin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

PER CURIAM.

On January 31, 2000, Leslie Ricketts' probation was revoked and she was sentenced to eight months' confinement. Ricketts timely-filed her notice of appeal.

The Clerk's Record was filed on March 17, 2000, but no Reporter's Record has been filed with this Court. On October 18, 2000, this case was abated to the trial court with instructions to hold a hearing to determine (1) why no brief has been filed on Ricketts' behalf; (2) whether Ricketts desires to proceed with the appeal; and (3) whether Ricketts is indigent. Tex. R.App.P. 38.8(b)(1). Counsel for Ricketts was retained.

We have received a supplemental record of the hearing at which counsel stated that, after serving her eight-month jail sentence, Ricketts was released from prison. Counsel contends that he has no way of contacting Ricketts. He further states

---

that, although Ricketts is not indigent, she has not paid for the reporter's record or his fee for pursuing the appeal. Thus, he cannot file a brief on her behalf.[1] The Court made a finding that, "by her total failure and disinterest in maintaining contact with her attorney, [Ricketts] has abandoned her appeal." We have reinstated the appeal.

Abating this case again would be useless. *Sutherland v. State*, 658 S.W.2d 169, 170 (Tex.Crim.App.1983). Counsel has stated on the record that he cannot contact the appellant, that he does not believe she wants to pursue the appeal, and that she is not indigent.

We have carefully reviewed the record before us and find nothing that requires a reversal of this cause. *See id.*

The judgment is affirmed.

---

1. Because he has no contact with Ricketts, he likewise cannot certify compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in filing a brief stating that the appeal is frivolous. *Sutherland v. State*, 658 S.W.2d 169, 170 (Tex.Crim.App. 1983).