Thomas Alexander Drake v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-295-CR

Â Â Â Â Â THOMAS ALEXANDER DRAKE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 1
McLennan County, Texas
Trial Court # 20001659 CR1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Thomas Drake was convicted of running a red light, a Class C misdemeanor, and was fined
$150. He appealed his conviction to this Court. The record was filed, and we warned Drake that
the time had elapsed for him to file a brief. He did not respond. We abated this cause to the trial
court with instructions to determine whether Drake desires to prosecute this appeal. Tex. R. App.
P. 38.8(b)(2). We received notice from the trial court that, after two notices, Drake failed to
appear for the hearing. We have reinstated the appeal.
Â Â Â Â Â Â Our most recent notices to Drake have been returned with the notation âmoved, left no
address.â We have no other means of contacting Drake. We conclude that Drakeâs failure to
provide us a forwarding address in addition to his failure to appear for a hearing convened by the
trial court at our order constitutes abandonment of the appeal and affirm his conviction on the
record. Id. 38.8(b)(4) (the appellate court may consider the appeal without briefs, as justice may
require); Wilson v. State, 39 S.W.3d 390, 391 (Tex. App.âWaco 2001, no pet.) (citing Ricketts
v. State, 39 S.W.3d 391, 392(Tex. App.âWaco 2001, no pet.)). We have carefully reviewed the
record before us and find nothing that requires reversal of this cause. See id.
Â Â Â Â Â Â The judgment is affirmed.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion issued and filed September 12, 2001
Do not publish
CR06



latino'>Â 

The Court: You dont have to read your motion.

Â 

Brunson:Â Â Â Â Â Â Â  ThatÂs all I wanted to know.

Â 

The Court:Â Â Â Â  No.Â  You donÂt have to read your
motion.Â  ItÂs in the CourtÂs file, and I can read that.Â  Okay?

Â 

Brunson:Â Â Â Â Â Â Â  Yes, Your Honor.Â  And IÂm asking,
will Your Honor take time to read it?Â  And sometimes judges like to take things
under advisement.Â  And when you take sometimes under advisement, I donÂt know
when to give my objection.Â  I just want to preserve my error.Â  ThatÂs all IÂm
trying to do, Your Honor, is preserve error.

Â 

The Court:Â Â Â Â  Well, your motion is denied. 

Â 

(Portion of testimony omitted.)

Â 

The Court:Â Â Â Â  If thereÂs any error in my ruling
itÂs preserved because you Â itÂs been done on the record.Â  The court reporter
is [sic] taken down everything youÂve said.Â  All of the allegations in your
motion are in the CourtÂs file.Â  IÂve denied them all on the record.Â  Okay?

Â 

ReporterÂs Record Volume 3, Pages 12-13.

Â 

For purposes of this appeal, we will construe this
as the hearing on BrunsonÂs motion for speedy trial.Â  Thereafter, at the
hearing on August 22, 2008, Brunson decided to plead guilty with a plea bargain
of two years incarceration with the right to appeal the denial of his pre-trial
motions.Â  

Â Â Â Â Â Â Â Â Â Â Â  Brunson was represented by three
different court-appointed attorneys during the pendency of these two cases.Â 
None of the attorneys raised a speedy trial claim at any time or requested a
hearing on BrunsonÂs motions regarding a speedy trial.Â  Brunson has not claimed
that he received ineffective assistance of counsel in this appeal.Â  BrunsonÂs
ability to present his claim to us is severely handicapped by the lack of a
record on which to construct his arguments.Â  However, it appears that the trial
court understood BrunsonÂs complaint and denied it, which preserves BrunsonÂs
speedy trial issue for this appeal.Â  See Tex. R. App. P. 33.1(a).Â  

Speedy Trial

The Sixth Amendment to the United States
Constitution guarantees an accused the right to a speedy trial.Â  Cantu v.
State, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing Zamorano v.
State, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002)). Â Supreme Court precedent
requires state courts to analyze federal constitutional speedy-trial claims
"on an ad hoc basis" by weighing and then balancing the four Barker
v. Wingo factors: 1) length of the delay, 2) reason for the delay, 3)
assertion of the right, and 4) prejudice to the accused.Â  Barker v. Wingo,
407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).Â  While the State has
the burden of justifying the length of delay, the defendant has the burden of
proving the assertion of the right and showing prejudice.Â  Id.Â  The four
factors are related and must be considered together along with any other
relevant circumstances.Â  Id. at 281.Â  Courts must apply the Barker
balancing test with common sense and sensitivity to ensure that charges are
dismissed only when the evidence shows that a defendant's actual and asserted
interest in a speedy trial has been infringed. Â Id.

Standard of Review

"In reviewing the trial court's ruling on
appellant's federal Constitutional speedy trial claim, we apply a bifurcated
standard of review: an abuse of discretion standard for the factual components,
and a de novo standard for the legal components.ÂÂ  Zamorano, 84 S.W.3d
at 648.Â  Under the abuse of discretion standard, appellate courts defer not
only to a trial court's resolution of disputed facts, but also to his right to
draw reasonable inferences from those facts.Â  Cantu, 253 S.W.3d at 282.Â 
It does not appear from the record before us that a hearing was held directly
addressing BrunsonÂs speedy trial claim and no evidence directly related to his
speedy-trial claim was presented.Â  Thus, his ability to present his claim to us
is severely handicapped by the lack of a record on which to construct his
arguments.Â  See Meyer v. State, 27 S.W.3d 644, 648 (Tex. App.ÂWaco 2000,
pet. ref'd), abrogated on other grounds by Robinson v. State, 240 S.W.3d
919, 922 (Tex. Crim. App. 2007).

Length of the Delay

The length of the delay is measured from the time
the defendant is arrested or formally accused.Â  Dragoo, 96 S.W.3d at
313.Â  This factor is, to some extent, a triggering mechanism, so that a speedy
trial claim will not even be heard until passage of a period of time that is,
on its face, unreasonable under the circumstances.Â  Id. (citing Doggett
v. United States, 505 U. S. 647, 651-652, 120 L. Ed. 2d 520, 112 S. Ct.
2686 (1992); Barker v. Wingo, 407 U.S. at 530).Â  In general, a delay
approaching one year is unreasonable enough to trigger the Barker
inquiry. Â Dragoo, 96 S.W.3d at 313.Â  In this case, approximately sixteen
months had passed since BrunsonÂs arrest prior to his guilty plea.Â  This is
sufficient to trigger the Barker inquiry.Â  

Reason for the Delay

Â Â Â Â  Â Â Â Â Â Â  When a court assesses the second Barker
factor, "different weights should be assigned to different reasons"
for the delay.Â  Dragoo, 96 S.W.3d at 316.Â  A valid reason for the delay
should not be weighed against the government at all.Â  State v. Munoz,
991 S.W.2d 818, 822 (Tex. Crim. App. 1999) (citing Barker v. Wingo, 407 U.S. at 531) (valid reason for the delay "should serve to justify appropriate
delay")).Â  Delay which is attributable in whole or in part to the
defendant may even constitute a waiver of a speedy trial claim.Â  Id. (citing Dickey v. Florida, 398 U.S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26,
38 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy-trial
safeguard in the case of a delay for which he has, or shares,
responsibility")).Â  

Because of the way the hearing on the speedy trial
took place, the State was never called upon to articulate a reason for the
delay.Â  The State now contends that Brunson was the primary cause of the
delay.Â  It is apparent from the record that Brunson had three separate
attorneys appointed to represent him, and that he had filed motions complaining
about ineffective assistance regarding the first two prior to their
withdrawal.Â  The third attorney also sought to withdraw, but the trial court
denied his request.Â  The record also indicates that Brunson did not wish to
appear without an attorney, but also wanted to be able represent himself.Â  The
trial court gave Brunson great latitude regarding this ÂhybridÂ
representation.Â  The hearing on April 21, 2008 was originally for a guilty
plea, however, when the trial court asked Brunson how he wanted to plead,
Brunson once again reurged his complaints regarding the indictment and
ultimately pled not guilty.Â  

It is the StateÂs burden to justify the length of
the delay, which it did not do.Â  It was incumbent on the State to request that
the trial court allow them the opportunity to address the reasons for the
delay.Â  See Meyer, 27 S.W.3d at 649.Â  Thus, this factor weighs against
the State, although only slightly.Â  Shaw, 117 S.W.3d at 889-890.

Assertion of the Right

Â Â Â Â  Â Â Â Â Â Â  A defendant has the responsibility to
assert his right to a speedy trial. Â Cantu, 253 S.W.3d at 283.Â  The lack
of a timely demand for a speedy trial strongly indicates that a defendant did
not really want a speedy trial and that he was not prejudiced by the lack of
one.Â  Dragoo, 96 S.W.3d at 316.Â  Inaction weighs more heavily against a
violation the longer the delay becomes.Â  Id.Â  Filing for a dismissal
instead of a speedy trial will generally weaken a speedy-trial claim because it
shows a desire to have no trial instead of a speedy one.Â  Cantu, 253
S.W.3d at 283.

Â Â Â Â Â Â Â Â Â Â Â  Brunson filed multiple motions
regarding his speedy trial claim, some within days of each other.Â  The majority
of the motions that referenced his speedy trial issue were primarily focused on
convincing the trial court to dismiss his case for what Brunson was convinced
was a faulty indictment and the failure of the State to indict him within 180
days of his arrest.[1]Â  Additionally,
the majority of these motions did not request a speedy trial but a dismissal of
the charges against him.Â  This factor weighs in favor of Brunson.

Prejudice to the Accused

Â Â Â Â  Â Â Â Â Â Â  When a court assesses the final Barker
factor, it must do so in light of the interests of defendants the speedy trial
right was designed to protect: (1) to prevent oppressive pretrial
incarceration; (2) to minimize the accused's anxiety and concern; and (3) to
limit the possibility that the accused's defense will be impaired.Â  Barker
v. Wingo, 407 U.S. at 532; Dragoo, 96 S.W.3d at 316.Â  On appeal,
Brunson does not allege that his defense was impaired, therefore this weighs
against him.Â  

Â Â Â Â Â Â Â Â Â Â Â  BrunsonÂs complaint regarding
prejudice is that during his incarceration, he lost employment, got a divorce,
and his financial affairs were damaged.Â  Brunson also contends that he suffered
a greater degree of anxiety than otherwise associated with being charged with a
crime, although there is nothing to substantiate that other than this blanket
assertion in BrunsonÂs brief to this Court.

Â Â Â Â Â Â Â Â Â Â Â  As stated above, Brunson was
incarcerated for approximately sixteen months prior to his plea of guilty.Â 
Brunson was sentenced to two years confinement and the trial court gave him
credit for the entire time he had served prior to his plea.Â  Appellant's
incarceration may have been oppressive if he had not received credit on his
sentence for time served or if he had ultimatelyÂ been found innocent of
the charges, but Appellant received credit on his sentence for his pre-trial
incarceration. Â See Starks v. State, 266 S.W.3d 605, 612 (Tex. App.ÂEl Paso 2008, no pet.) (holding that appellant's twenty-five-month pretrial
incarceration was not oppressive when appellant received credit on his sentence
for time served and appellant ultimately pleaded guilty to charges); see
also United States v. Casas, 425 F.3d 23, 34-35 (1st Cir. 2005)
(holding defendants' allegations of anxiety and concern during forty-one month
period of pretrial incarceration insufficient to show violation of speedy trial
right when time served was credited against sentences they received upon
conviction); Gray v. King, 724 F.2d 1199, 1204 (5th Cir. 1984) (holding
that ten-month incarceration was not oppressive pretrial incarceration when
defendant received credit for pretrial incarceration).Â  

As to Appellant's claim of having suffered from
anxiety, any criminal charge is certain to bring a level of anxiety with it;
however, Appellant failed to introduce any evidence that the anxiety he
suffered either was abnormal or caused his case prejudice.Â  See Goodrum v.
Quarterman, 547 F.3d 249, 263 (5th Cir. 2008) ("[G]eneralized
expressions of anxiety and concern amount to little more than a nominal showing
of prejudice.").Â  Brunson has not demonstrated any personal or defense
prejudice. Â The fourth factor weighs against Brunson.

Balancing

Â Â Â Â Â Â Â Â Â Â Â  Having addressed the Barker factors, we must now balance them.Â 
Weighing in favor of finding that Brunson's speedy trial right was violated are
the facts that there was approximately a sixteen-month delay between his arrest
and plea.Â  No reason for the delay has been specifically proved by the State,[2] and Brunson properly asserted
his speedy trial right. Â However, the prejudice caused to Brunson by the delay
is minimal, he has not shown that any of the prejudice he suffered flowed from
an impairment to his defense and Brunson received credit on his sentence for
time served.Â  We hold that there was no violation of his right to a speedy
trial.Â  We overrule BrunsonÂs sole issue.




Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that there was no speedy trial
violation.Â  The judgment of conviction is affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Davis

Affirmed

Opinion delivered and
filed November 18, 2009

Do not publish

[CR25]









[1]
Brunson does not challenge either of these issues in his appeal.





[2]
Notwithstanding the absence of formal presentation of evidence at the hearing,
in the limited context of this Barker analysis and balancing, we cannot
ignore the courtÂs file.Â  If we did, there would also be no evidence of a
sixteen-month delay or the assertion of the right on which Brunson relies.