Phillip PARKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–149–CR.

Court of Appeals of Texas,
Waco.

Jan. 23, 2002.

Kenneth Weatherspoon, Dallas, for appellant.

Bill Hill, Dallas County Dist. Atty., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

A jury convicted Phillip Parker of assault. The trial court placed Parker on community supervision for two years. Parker timely-filed his notice of appeal.

The Clerk's Record was filed in a timely fashion, but no Reporter's Record was filed because Parker failed to make arrangements to pay for the record. After repeated notices that his brief was past due, we abated this cause to the trial court for a hearing to determine why no brief had been filed on Parker's behalf, whether Parker desired to proceed with the appeal, and whether Parker is indigent. At the abatement hearing, Parker and his counsel suggested that the appeal had been delayed because Parker, although not indigent, felt that the cost of the reporter's record should be reduced. He suggested that it "seems a bit high." The court explained to Parker that the court reporter was charging a standard fee and he agreed to pay the fee.

The court notified Parker and his counsel that the brief would be due in this Court thirty days after the abatement hearing. Counsel stated that he would continue to represent Parker in the appeal.

The reporter's record was paid for and filed, and on April 18 we notified counsel that Parker's brief was once again past due. We requested that he prepare and file a brief within ten days. We also notified counsel that the failure to file a brief or other satisfactory response would result in another abatement of this cause for a

hearing to assure that Parker is receiving effective assistance of counsel. *See* TEX. R.APP. P. 38.8(b)(2); *In re Prentice*, 848 S.W.2d 717 (Tex.App.-Corpus Christi 1993, orig. proceeding). When counsel did not respond to that letter, we again abated the appeal.

On July 5, 2001, the trial court held a second hearing. Parker's counsel appeared at the hearing, but Parker did not. After hearing the argument of Parker's counsel, the trial court found that:

1. Parker is, himself, a practicing attorney with approximately ten years of experience;

2. His trial counsel gave notice of appeal to protect Parker's rights but was not retained to pursue the appeal;

3. Parker paid for the reporter's record and personally took possession of the record in December of 2000;

4. Although Parker maintains an office in Dallas, Texas, his trial counsel has been unsuccessful in his numerous attempts to communicate with Parker;

5. Parker is not indigent;

6. Parker has abandoned his appeal.

Because Parker is not indigent and counsel is retained rather than appointed, counsel could have filed a motion to withdraw. *See* TEX.R.APP. P. 6.5; *cf. Enriquez v. State*, 999 S.W.2d 906, 908 (Tex.App.-Waco 1999, no pet.) (only trial court can permit appointed counsel to withdraw). Because the record has been filed and counsel has appeared on behalf of Parker, we would normally require counsel to file a brief. But, if an appellant abandons the appeal, we cannot compel counsel, appointed or retained, to file a brief on behalf of the appellant. *See* TEX.R.APP. P. 38.8(b)(4). Accordingly, we are considering this appeal without briefs. *Id.* (the appellate court may consider the appeal without briefs, as justice may require);

*Wilson v. State*, 39 S.W.3d 390, 391 (Tex. App.-Waco 2001, no pet.) (citing *Ricketts v. State*, 39 S.W.3d 391, 392 (Tex.App.-Waco 2001, no pet.)).

We agree with the trial court that Parker's failure to provide a brief after obtaining a copy of the record over a year ago constitutes abandonment of the appeal. Parker is not indigent and has failed to make arrangements for filing a brief. We have carefully reviewed the record before us and find nothing that requires reversal of this cause. *See* TEX.R.APP. P. 38.8(b)(4).

The judgment is affirmed.