**Marvin Bryant LANEHART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–00816–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 2002.

Marvin Lanehart, Angleton, for appellants.

Calvin A. Hartmann, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and EDELMAN.

### MEMORANDUM OPINION

PER CURIAM.

On February 19, 1999, appellant pled guilty to possession of a controlled substance, namely cocaine. The trial court deferred a finding of guilty and placed appellant on community supervision for four years. On November 11, 1999, the State filed a motion to adjudicate alleging appellant violated the terms and conditions of his community supervision. Appellant stipulated to the evidence in support of the State's motion and pled true to the allegations. On May 8, 2001, the trial court granted the State's motion, found appellant guilty, and sentenced him to two years in the Texas Department of Criminal Justice—Institutional Division. Appellant filed a pro se notice of appeal on May 15, 2001.

On October 3, 2001, the clerk's record was filed; no reporter's record was taken. The district clerk forwarded the record to appellant, who is pro se, and he received the record on October 9, 2001. Accordingly, appellant's brief was due November 8, 2001. On December 10, 2001, appellant filed a motion to extend time to file the brief, which was granted on December 13, 2001. Based on the ruling on the extension, appellant's brief was due January 9, 2002; however, no brief was filed. On January 15, 2002, appellant and the trial court were notified that no brief had been received. No satisfactory response from appellant was received in response to the notice. Thus, on February 7, 2002, this Court issued an abatement order requiring the 174th District Court to:

(1) immediately conduct a hearing, at which appellant and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) the reason for the failure to file a brief; (d) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of counsel. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the Clerk of this Court on or before **March 11, 2002.**

On March 8, 2002, the trial court conducted the hearing. The record of the hearing was filed in this court on March 12, 2002. Despite notice, appellant did not appear at the hearing. Because appellant did not appear, the trial court stated it could not determine (1) if appellant was indigent, (2) whether appellant desires to pursue his appeal, (3) the reason for the failure to file a brief, or (4) when appellant's brief might be filed. The trial court also noted it had learned that appellant had been paroled from the Texas Department of Criminal Justice—Institutional Division in January of 2002.

While appreciating the trial court's position, this Court could not take any action on the appeal without appropriate trial court findings. *See* Tex.R.App. P. 38.8(b). Unless the trial court determines that appellant no longer desires to pursue the appeal or has abandoned the appeal without making the necessary arrange-

ments for filing a brief, this Court cannot consider the appeal without a brief. *Id.* Accordingly, on March 14, 2002, we ordered the judge of the 174th District Court to make appropriate findings of fact and recommendations as to whether appellant had abandoned the appeal without making the necessary arrangements for filing a brief. We determined that the trial court could make its findings and recommendations without a further hearing. We ordered that the trial court file its findings and recommendations on or before March 28, 2002. On March 20, 2002, the trial court filed its findings and recommendations with this Court.

The trial court found, based on appellant's failure to appear despite notice, that he has abandoned his appeal without making the necessary arrangements for filing a brief. On the basis of that finding, this Court has considered the appeal without briefs. *See id.* We have reviewed the record and find no fundamental error.

Accordingly, the judgment of the trial court is affirmed.