# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00690-CR

**Dana Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 712007, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Dana Moore pleaded no contest to an information accusing her of prostitution. The trial court adjudged her guilty and imposed a ten-day jail sentence. *See* Tex. Penal Code Ann. § 43.02 (West 2003).

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit.[1] The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2] *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*,

---

[1] Appellant's counsel on appeal was appointed eighteen months after appellant's trial, after appellant's original counsel failed to file a brief.

[2] The record consists of the clerk's record only. No reporter was present at the proceedings in the trial court.

573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). In his brief, counsel states that he was unable to deliver a copy of his brief to appellant or advise her of her right to examine the appellate record and to file a pro se brief because her whereabouts are unknown.[3] *See Sutherland v. State*, 658 S.W.2d 169, 170 (Tex. Crim. App. 1983). No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:  September 26, 2007

Do Not Publish

---

[3] The clerk's record contains the magistrate's order committing appellant to the sheriff's custody pending the posting of bail. The order shows appellant's address as "transient."

2