# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00061-CR

**Barry Dean Garrett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 63208, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Barry Dean Garrett of the offense of aggravated assault on a public servant with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008). The district court, after finding true four enhancement paragraphs alleging prior convictions, assessed punishment at life imprisonment.

The jury heard evidence that, on the night of May 10, 2008, Garrett attacked Gary Smith, a police sergeant with the City of Temple Police Department. Smith testified that while he was on patrol he encountered a person walking in the middle of the road. The person, later identified as Garrett, was wearing a pair of shorts and no shirt. Smith initiated contact with Garrett, who appeared agitated and proceeded to yell and scream at Smith. Smith eventually succeeded in getting Garrett to calm down and had him sit on the curb while Smith called dispatch and requested

a background check. Smith then discovered that Garrett had an outstanding warrant. At this point, Smith testified, he called for backup.

While Smith was doing so, Garrett again became agitated and began asking Smith if he could leave. Smith, who now believed that Garrett was either intoxicated or under the influence of a controlled substance, refused to let Garrett leave and tried to grab his arm. According to Smith, Garrett responded by swinging and flailing his arms. Smith testified that he backed away from Garrett and walked toward his patrol car to request that backup arrive quickly. Garrett followed Smith to the car, "balled up his fist" and "started to charge" at Smith. Smith "took that as a fight stance," so he responded by using his pepper spray on Garrett. Smith explained that Garrett then "put his head down, put his hand up, and started charging at me with his fists clinched."

A struggle between Garrett and Smith ensued. At some point during the struggle, Garrett "took off running," and Smith started running after him. During the chase, Smith testified, Garrett approached a wood pile, picked up a board of wood, turned around, and swung the board at Smith. The board hit Smith in his left arm, causing Smith to lose his balance and fall to the ground, dislocating his shoulder in the process. Garrett then approached Smith with another, larger board of wood and began swinging it at Smith, hitting him "several times" in his upper body and on the top of his head. While Garrett continued to beat Smith with the board, Smith was on the ground on his back. Unable to use his arms to defend himself, he tried to fend off Garrett by kicking him, to no avail.

Eventually, a car pulled up and the driver began honking his horn. This caused Garrett to stop hitting Smith and walk away. Smith got up, again called for backup, and then

attempted to follow Garrett on foot so that he would not escape. Garrett eventually stopped walking, turned around, and raised the board as if to strike Smith again. Before he could do so, however, other police officers arrived and arrested Garrett.

After Smith testified, the State called other witnesses to the assault who testified consistent with the foregoing recitation of facts. Other police officers who responded to Smith's call for backup also testified, as did the detective who investigated the assault. This detective characterized the board used by Garrett in the assault as a deadly weapon.

In his defense, Garrett called the police officer who transported Garrett to jail. This officer testified that Garrett was transported to jail "without incident." Finally, Garrett testified. He claimed that it was not his intention to hurt Smith and that he was only defending himself from Smith's "aggressive tactic" in "attacking" him with the pepper spray.

Garrett's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Garrett was mailed a copy of counsel's

brief and a letter advising him of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.[1]

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 10, 2009

Do Not Publish

---

[1] The record reflects that, on three separate occasions, Garrett refused to receive a copy of counsel's *Anders* brief. Counsel has sent this Court documentation verifying that the package in which he mailed his *Anders* brief to Garrett was "returned to sender, refused." This Court has also sent correspondence to Garrett informing him that his counsel has filed an *Anders* brief, but our letter was "returned to sender, refused, unable to forward." We will not delay disposition of this appeal simply because Garrett refuses to accept correspondence from his counsel or this Court. *See* Tex. R. App. P. 40.2 (providing that appeals courts must decide criminal cases "at the earliest possible time"); *Weddle v. State*, 522 S.W.2d 475, 476 (Tex. Crim. App. 1975) (disposing of case even though record reflected that appellant refused to accept delivery of counsel's *Anders* brief); *see also Moore v. State*, No. 03-05-00690-CR, 2007 Tex. App. LEXIS 7781, at *1-2 (Tex. App.—Austin Sept. 26, 2007, no pet.) (mem. op., not designated for publication) (citing *Sutherland v. State*, 658 S.W.2d 169, 170 (Tex. Crim. App. 1983)) (disposing of case even though counsel was unable to deliver *Anders* brief to appellant).