# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO.  09-12-00501-CR
_____

### TONI ELAINE BERRY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 4**
**Montgomery County, Texas**
**Trial Cause No. 11-268800**

## MEMORANDUM OPINION

After a jury found Toni Elaine Berry guilty of driving while intoxicated, the trial court sentenced Berry to 180 days in jail and assessed a $500 fine, then suspended the imposition of the sentence and placed Berry on community supervision for one year. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2012). Represented by retained counsel and without claiming indigence, Berry filed a notice of appeal. After counsel failed to respond to our notice that the brief was

1

overdue, we abated the appeal and remanded the case to the trial court for a hearing. *See* Tex. R. App. P. 38.8(b)(2), (3).

The trial court held the hearing. Retained counsel appeared for the hearing and described his repeated unsuccessful attempts to contact Berry by telephone and e-mail. Berry failed to personally appear at the hearing. Notices from the clerk sent by regular and certified mail to Berry's last known address had been returned undelivered. Counsel informed the court that Berry agreed to pay for the reporter's record but she failed to do so. The trial court found that reasonable attempts have been made to notify Berry of the hearing, and that Berry no longer desires to pursue her appeal.

Berry's failure to file a brief constitutes abandonment of the appeal. *See Parker v. State*, 69 S.W.3d 677, 678 (Tex. App.—Waco 2002, no pet.). Berry has not claimed indigence and has failed to communicate with counsel or make arrangements for filing a brief. Accordingly, we exercise our authority to consider this appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4). We review the clerk's record in the interest of justice. *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *see* Tex. R. App. P. 37.3(c). A review of the limited record presented does not justify reversal on unassigned error. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Opinion Delivered June 26, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.