**Affirmed and Memorandum Opinion filed February 24, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00793-CR

### SHAH HAKEEM STEPHENS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 13-CCR-167465**

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant of possession of marijuana, a Class B misdemeanor. On September 17, 2014, the trial court sentenced appellant to confinement in jail for thirty days, with credit for thirty days served. The clerk's record in this appeal was filed November 12, 2014. According to the record, appellant's counsel, Shawn McDonald, was permitted to withdraw as counsel for appellant. This court had not been advised whether new counsel was appointed. In addition, the court reporter responsible for preparing the record in this appeal informed this court that appellant had not made arrangements to pay for the record.

*See* Tex. R. App. P. 35.3(b)(3). On November 18, 2014, this court notified appellant that unless he provided this court with proof that he had paid for preparation of the record or that he was not required to pay for the record within fifteen days, appellant would be required to file a brief without the benefit of the record. *See* Tex. App. P. 37.3(c). Appellant filed no response.

Accordingly, on December 18, 2014, this court abated the appeal and directed the trial court to conduct a hearing and make findings pursuant to Texas Rule of Appellate Procedure 38.8(b) determining whether appellant is indigent and if he desires to prosecute his appeal. In addition, the court was instructed to appoint counsel for appellant, if necessary.

The record from the trial court's hearing was filed in this court on February 9, 2015. At the hearing, the trial court confirmed that appellant is represented by appointed counsel, Leigh Love, in this appeal. In addition, the court found that appellant had been paroled from the Texas Department of Criminal Justice on October 27, 2014, on another conviction, and efforts to locate him had been "futile." Appellant's parole officer had advised the court that a "blue warrant" for appellant's arrest for a parole violation has been issued. Appellant's appointed counsel detailed her unsuccessful efforts to locate appellant. Based on the failure to locate appellant through relatives, friends, and other sources, despite "gargantuan" efforts, the trial court found that appellant does not desire to prosecute his appeal.

Texas Rule of Appellate Procedure 38.8(a)(1) allows an appellate court to dismiss an appeal for want of prosecution in civil cases when an appellant fails to timely file its brief. Rule 38.8(b) contains no similar provision for appeals in criminal cases. Instead, the appellate court first must notify counsel that a brief was due and not filed, and then, if no response is received, abate the appeal to the trial court for a hearing to determine "whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or if not indigent, whether retained

2

counsel has abandoned the appeal . . . ." Tex. R. App. P. 38.8(b)(2); *see also State v. Garza*, 88 S.W.3d 353, 354 (Tex. App.—San Antonio 2002, no pet.). Appellate courts also follow this abatement procedure when a criminal appellant has not responded the court's request to determine whether he is indigent or is required to pay for preparation of the record. *Tippett v. State*, 2 S.W.3d 462, 463 (Tex. App.—San Antonio 1999, no pet.) (following Rule 38.8's abatement procedure where appellant did not respond to the court's order that he pay for the record or show he was entitled to proceed without paying for it).

Rule 38.8(b)(4) provides that if the trial court finds appellant no longer desires to prosecute his appeal, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8(b)(4); *see also Lanehart v. State*, 76 S.W.3d 139, 140 (Tex. App.—Houston [14th Dist.] 2002, no pet.). If an appellant abandons his appeal, we cannot compel counsel, appointed or retained, to file a brief on behalf of appellant. *Parker v. State*, 69 S.W.3d 677, 678 (Tex. App.—Waco 2002, no pet.).

Therefore, we have considered this appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4); *Wilson v. State*, 39 S.W.3d 390, 391 (Tex. App.—Waco 2001, no pet.) (considering the appeal on the record after the trial court made findings under Rule 38.8(b) that appellant "appears to have absconded"). We have carefully reviewed the record and find no error requiring reversal.

Accordingly, the trial court's judgment is affirmed.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.
Do not Publish — Tex. R. App. P. 47.2(b).