**Order entered July 30, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00356-CR

### BOBBY BRUNER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB16-31477-C**

## ORDER

The Court **REINSTATES** the appeal.

By order entered July 5, 2019, we granted appellant's motion to abate the appeal pending a determination of indigence. In the motion, appellant's counsel reported that he had agreed to represent appellant on a *pro bono* basis provided appellant paid the costs for filing the record. Counsel stated appellant had not paid for the reporter's record, his telephone and emergency contact telephone numbers had been disconnected, and counsel had been unable to communicate with him since April 16, 2019. Counsel requested the Court abate the appeal to allow the trial court to conduct a hearing to determine if appellant is indigent and whether counsel's representation should continue. In our July 5, 2019 order, we ordered the trial court to conduct a hearing to make findings of fact regarding whether appellant could be located, whether appellant

desires to prosecute the appeal or has abandoned the appeal, and whether appellant is indigent and desires appointed appellate counsel.

On July 17, 2019, the trial court held a hearing pursuant to the Court's order. During the hearing, counsel told the trial court he had attempted to contact appellant by telephone, text message, and certified mail. The telephone number has been disconnected and the certified mail was returned as undeliverable. Counsel informed the trial court that he attempted to reach appellant through his emergency contact, but her telephone number has also been disconnected and she did not reply to counsel's messages sent through Facebook. In response to the trial court's question, counsel affirmed that he had not worked *pro bono* for appellant pretrial and during trial and appellant had told him that appellant was willing and able to pay for the record. The trial court took judicial notice that there are no cases against appellant in Dallas County's computer system and thus no history of him being adjudged an indigent or having counsel appointed to represent him.

After hearing from counsel, the trial court made findings of fact on the record. We **ADOPT** the trial court's findings that:

- appellate counsel has made reasonable and diligent efforts to locate appellant;

- appellant has not maintained contact with counsel;

- appellant's actions indicate a disinterest in his case and communicate an interest in abandoning his appeal;

- appellant's current address is unknown and not determinable;

- there are no facts before the Court indicating that appellant is now or has ever been indigent.

We do not adopt the trial court's finding that it is unnecessary for counsel to continue representation because appellant has abandoned the appeal.

We do not have authority to dismiss a pending criminal appeal unless the appellant either files a motion to dismiss the appeal or escapes from custody. *See* TEX. R. APP. P. 42.2(a), 42.4. When an appellant abandons an appeal, however, we may submit the appeal and consider it upon the existing record. *See Sutherland v. State*, 658 S.W.2d 169, 170 (Tex. Crim. App. 1983); *Scotka v. State*, 856 S.W.2d 790, 791 n. 1 (Tex. App.—San Antonio 1993, no pet.); *see also Turner v. State*, No. 05-10-00182-CR, 2011 WL 522932, at *1 (Tex. App.—Dallas Feb. 16, 2011, no pet.) (not designated for publication). The clerk's record has been filed. The reporter's record has not been filed and is overdue.

Because it appears appellant has failed to pay for the reporter's record and has abandoned the appeal, and there being no means of providing appellant with additional notice of the overdue reporter's record, we **ORDER** this appeal submitted without a reporter's record or briefs. *See Sutherland*, 658 S.W.2d at 170; *Wilson v. State*, 39 S.W.3d 390, 391 (Tex. App.—Waco 2001, no pet.). The Court will review the existing record for fundamental error and convey its judgment in due course. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).

/s/     ROBERT D. BURNS, III
CHIEF JUSTICE