

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00229-CR
_____

ROHIT POLAVARAPU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Criminal Court Number Nine
Tarrant County, Texas
Trial Court No. 1573689; Honorable Brent A. Carr, Presiding

February 12, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Rohit Polavarapu, appeals his conviction by a jury for driving while intoxicated, a Class B misdemeanor.[1] The trial court assessed his sentence at ninety days confinement in the Tarrant County Jail; however, it suspended that sentence in favor

---

[1] TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2019). Originally charged with driving while intoxicated, a Class A misdemeanor, the jury found him guilty of the lesser-included offense of driving while intoxicated, a Class B misdemeanor.

of community supervision for a term of eighteen months.  This appeal followed.[2]  After conducting a fundamental error review, we affirm.

BACKGROUND

Appellant was convicted on May 7, 2019, and gave timely notice of appeal through his retained attorney of record.  Appellant's attorney subsequently withdrew from representation and we abated this matter to the trial court to determine if Appellant was indigent and entitled to the appointment of counsel.[3]  *See Polavarapu v. State,* No. 07-19-00229-CR, 2019 Tex. App. LEXIS 6698, at *2 (Tex. App.—Amarillo Aug. 2, 2019, order).  On remand, the trial court determined that Appellant was not indigent and not entitled to appointment of counsel.

The appeal was reinstated on our docket.  The clerk's record was subsequently filed but the reporter's record was not.  By letter of August 30, 2019, we directed Appellant to request preparation and make payment arrangements for the filing of the reporter's record by October 29, 2019.  We further admonished Appellant that the failure to comply by that date would result in the appeal being submitted to the court for consideration without a reporter's record pursuant to the provisions of Rule 37.3 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 37.3 (providing for consideration of issues that do not require a reporter's record in situations where the failure to file that record is due to an appellant's fault).  Appellant did not comply with our order.  Thus, by letter dated

---

[2] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.

[3] As a basis for his motion to withdraw, counsel stated that Appellant had failed to pay for the reporter's record and a conflict of interest existed between them.

November 1, 2019, we deemed the reporter's record filed and set Appellant's brief as being due December 2, 2019. *Id.* at 38.6(a)(2). A reporter's record was not filed and Appellant did not favor us with a brief. On December 10, 2019, in an abundance of caution and for the purpose of providing Appellant every reasonable opportunity to comply with the orders of this court and cure his default, we entered an order *sua sponte* extending the time to file his brief until January 13, 2020. Still, no reporter's record or brief has been filed.

### ANALYSIS

While the Texas Rules of Appellate Procedure provide for the involuntary dismissal of a civil case for want of prosecution or for the failure to comply with an order of the appellate court, no such provision is available for the involuntary dismissal of an appeal in a criminal case. *See* TEX. R. APP. P. 42.3 (providing for involuntary dismissal of a civil appeal). *See also* TEX. R. APP. P. 42.4 (providing for involuntary dismissal of a criminal appeal when the appellant has escaped custody but not otherwise). Article 44.33(b) of the Texas Code of Criminal Procedure mandates that an "[a]ppellant's failure to file his brief in the time prescribed shall not authorize a dismissal of the appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of Appeals or the Court of Criminal Appeals, for such reason, refuse to consider appellant's case on appeal." TEX. CODE CRIM. PROC. ANN. art. 44.33(b) (West 2018). Therefore, an appellate court does not have the authority to dismiss an appeal of a criminal conviction unless an appellant either files a motion to dismiss the appeal or escapes from custody. *See* TEX. R. APP. P. 42.2 (providing for the voluntary dismissal of a criminal appeal).

3

Where, as here, an appellant has not filed a brief in a criminal case, the provisions of Rule 38.8(b) require the appellate court to remand the case to the trial court to conduct a hearing and to make appropriate findings and recommendations. *See* TEX. R. APP. P. 38.8(b)(3). "However, where an appellant chooses to appear *pro se* and has been warned of the dangers of *pro se* representation on appeal, there is no need to remand for a . . . hearing." *Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994). In this proceeding, Appellant has been appropriately warned regarding the pitfalls of failing to file a reporter's record and an appellate brief. This matter has been remanded to the trial court before and Appellant has been given ample opportunity to cure the defect and file a brief. Where an appellant has failed to file a brief, Rule 38.8(b)(4) provides that an "appellate court may consider the appeal without briefs, as justice may require."

Because dismissal for want of prosecution is not an available option, when, as here, an appellant has abandoned his appeal, an appellate court may submit the appeal for consideration upon the record provided. *See Sutherland v. State*, 658 S.W.2d 169, 170 (Tex. Crim. App. 1983) (no appellate brief filed); *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.) (no appellate brief filed). *See also Bruner v. State*, No. 05-19-00356-CR, 2019 Tex. App. LEXIS 8569, at *4-5 (Tex. App.—Dallas 2019 Sept. 23, 2019, no pet.) (mem. op., not designated for publication) (no reporter's record or brief filed); *Turner v. State*, No. 05-10-00182-CR, 2011 Tex. App. LEXIS 1061, at *1 (Tex. App.—Dallas Feb. 16, 2011, no pet.) (mem. op., not designated for publication) (no reporter's record or brief filed). In such situations, an appellate court reviews the record provided for "fundamental error." *Burton*, 267 S.W.3d at 103.

There are three recognized categories of fundamental error: (1) errors recognized by the Legislature as fundamental; (2) the violation of rights which are "waivable only"; and (3) the denial of absolute, systemic requirements. *Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002); *Burton*, 267 S.W.3d at 103. In *Saldano*, the Court of Criminal Appeals enumerated the following "fundamental errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of appointed counsel's right to ten days to prepare for trial; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the Texas Constitution; (7) jury charge errors resulting in egregious harm; (8) prosecution at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence.

### CONCLUSION

Bearing in mind these potential errors, without the benefit of either a reporter's record or an appellate brief, we have thoroughly examined the record provided and find no fundamental error. Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5