# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00221-CR

---

**Aaron Alejandro Ramirez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COMAL COURT AT LAW NO. 3 OF COMAL COUNTY**
**NO. 2024CR0308, THE HONORABLE DEBORAH WIGINGTON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Aaron Alejandro Ramirez was convicted by a jury of the misdemeanor offenses of driving while intoxicated (DWI) and unlawfully carrying a weapon. *See* Tex. Penal Code §§ 46.02, 49.04. Ramirez elected to have the trial court assess his punishment, and the trial court convened a punishment hearing two months later and orally pronounced that his sentence would be 180 days in jail but that she would suspend imposition of the sentence and place him on community supervision for eighteen months. The written judgments of conviction reflect that he was placed on community supervision for eighteen months in both cases; however, the judgment for the unlawful-carrying offense stated that he had been sentenced to 365 days in jail, and the judgment for the DWI offense stated that he had been sentenced to 180 days in jail. *See id.* §§ 12.21 (authorizing jail sentence up to one year for Class A misdemeanor), .22 (allowing trial

courts to impose sentence up to 180 days in jail for Class B misdemeanors). Ramirez appealed his convictions.

On appeal, Ramirez's original court-appointed counsel filed an *Anders* brief stating that this appeal was frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). In accordance with *Anders*, 386 U.S. at 744-45, and *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), we reviewed the record and Ramirez's appointed counsel's *Anders* brief and determined that at least one arguable ground for appeal existed concerning the propriety of the punishments as reflected in the written judgments. *See Ramirez v. State*, No. 03-25-00221-CR, 2025 WL 2797903, at *1 (Tex. App.—Austin Oct. 25, 2025, order) (mem. op., not designated for publication). Further, we determined that a modification by this Court was not appropriate because modifications can only be done "when the record supplies both the information necessary to show that a modification is warranted *and* the particular modification that is required." *Id.* (citing *Miller v. State*, Nos. 03-23-00343—00347-CR, 2024 WL 589173, at *3-4 (Tex. App.—Austin Feb. 14, 2024, no pet.) (mem. op., not designated for publication)).

Both the 180-day punishment generally pronounced by the trial court and the 365-day punishment included in its judgment of conviction for the class A misdemeanor offense of unlawfully carrying a firearm were legal and within the statutory range authorized by the legislature. *See* Tex. Penal Code §§ 12.21, 46.02; *see also Galindo v. State*, 698 S.W.3d 111, 116 (Tex. App.—Eastland 2024, no pet.) (noting that sentence outside range of punishment authorized by law is illegal). However, because the record was not clear regarding what punishment was intended and because Ramirez had "not been afforded the benefit of an advocate addressing this issue," we granted appointed counsel's motion to withdraw, abated the appeal, and remanded the cause for the trial court to appoint new appellate counsel who could "address

2

the punishment issue discussed above" and other meritorious issues, if any. *Ramirez*, 2025 WL 2797903, at *1-2; *see also Bledsoe*, 178 S.W.3d at 827 ("Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised."); *Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.) (noting in *Anders* case that there was discrepancy between punishment that was orally pronounced and punishment in written judgment and remanding case to trial court to appoint new counsel to file brief for appellant that addressed punishment issue and any other grounds that might support appeal), *overruled on other grounds by Durham v. State*, No. 05-24-00398-CR, 2025 WL 2043953, at *3 (Tex. App.—Dallas July 21, 2025, no pet.); *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (explaining that for remand to be proper, we need only conclude that issue warrants further development by counsel). Alternatively, we explained that Ramirez could "choose to abandon and dismiss the appeal." *Ramirez*, 2025 WL 2797903, at *2.

Following the abatement and remand, the trial court appointed Ramirez new appellate counsel, and the new brief was due November 17, 2025. After this Court granted counsel's motion requesting an extension of time to file his brief, Ramirez's appellant's brief was due December 15, 2025. On February 5, 2026, this Court sent a notice informing Ramirez that his brief was overdue and that a failure to file a satisfactory response by February 17, 2026, would result in the referral of this case to the trial court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 38.8. No brief or response was filed, and this Court abated the case and remanded it to the trial court for it to conduct a hearing "to determine whether appellant desires to prosecute this appeal and, if so, whether counsel has abandoned this appeal." *Ramirez v. State*, No. 03-25-00221-CR, 2026 WL 502083, at *1 (Tex. App.—Austin Feb. 23, 2026, order) (mem. op., not designated for publication) (citing Tex. R.

3

App. P. 38.8(b)(2), (3)). This Court also directed the trial court to make appropriate findings and recommendations. *Id.*

During the second abatement, the trial court held a hearing and later made the following findings and recommendations:

> The State appeared through its Assistant District Attorney . . . .
>
> The Appellant appeared in person and through his attorney . . . .
>
> Counsel for Appellant asserted that Appellant no longer desires to prosecute the appeal in this case which is reflected at 03-25-00221-CR with the Court of Appeals for the Third District of Texas. Appellant concurred with his counsel's assertion.
>
> The Court therefore FINDS that Appellant does not desire to prosecute this appeal and therefore recommends that the Court of Appeals for the Third District of Texas dismiss this appeal.

Once this Court received a supplemental record containing the trial court's findings and recommendations, we reinstated the appeal.

For cases like this one, Rule of Appellate Procedure 38.8 authorizes appellate courts to consider an appeal without briefs as justice may require if the trial court has found that the appellant no longer desires to prosecute his appeal or that he has abandoned the appeal. *See* Tex. R. App. P. 38.8(b). In those circumstances, appellate courts review the record for the presence of unassigned fundamental error. *See Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.). The Court of Criminal Appeals has explained that the following types of errors are fundamental: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel;

4

(4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a statute that violates the separation-of-powers provision of the Texas Constitution; (7) jury-charge errors resulting in egregious harm; (8) trials being held in a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments made by a trial judge that taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002).

In the interest of justice, we have reviewed the record in this case and found no fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *see also Lanehart v. State*, 76 S.W.3d 139, 140 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (reviewing record for fundamental error and affirming conviction where appellant failed to appear for Rule 38.8 hearing and where trial court determined that appellant abandoned his appeal); *Ribelin v. State*, 1 S.W.3d 882, 885 (Tex. App.—Fort Worth 1999, pet. ref'd) (disregarding variance between oral rendition and written judgment).

Accordingly, we affirm the trial court's judgments of conviction.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   April 2, 2026

Do Not Publish