**Glenn Everett TIPPETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–99–00275–CR, 04–99–00276–CR.**

Court of Appeals of Texas,
San Antonio.

July 21, 1999.

Steven C. Bankhead, Dallas, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

#### OPINION ON INTERLOCUTORY ORDER

Opinion by: PAUL W. GREEN, Justice.

Although the appellant, Glenn Tippett, perfected his appeals three months ago, we have not received the clerks' records because Tippett did not pay for them or show he was entitled to proceed without paying for them. We refer the cause to the trial court for an abandonment hearing.

According to information provided by the trial court clerk, Tippett is represented by retained counsel. Tippett's sentences

were imposed on January 11, 1999, and he was not released on bond. He filed motions for new trial on February 9. If the clerk's information is correct, Tippett's notices of appeal were timely filed on April 12, and the records were due to be filed in our court May 11. *See* TEX.R.APP. P. 26.2(a)(2), 35.2(b). On May 12, the clerk filed a notice of late record indicating in one of the appeals that Tippett was not indigent and had not paid for the record. On May 26, we ordered Tippett to provide proof that he paid the clerk's fee, made arrangements to pay the fee, or was entitled to appeal without paying the fee. *See id.* at 37.3(b). We indicated the appeal would be dismissed for want of prosecution if Tippett did not respond by June 25. *See id.* Tippett has not responded.

Unless an appellant is indigent, Rule 37.3(b) allows us to dismiss an appeal for want of prosecution if the clerk's record is not filed because the appellant failed to pay or make arrangements to pay for the record.[1] This rule does not differentiate criminal from civil cases. Rule 42, however, distinguishes involuntary dismissal in criminal cases from those in civil cases. Specifically, Rule 42.4 permits the involuntary dismissal of a criminal case when an appellant escapes from custody. In contrast, Rule 42.3 permits the involuntary dismissal of a civil case for want of jurisdiction; want of prosecution; or failure to comply with the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.

The Amarillo Court of Appeals used Rule 2 to suspend the operation of Rule 42.4, regarding involuntary dismissal of criminal appeals, and to substitute the procedures of Rule 42.3, regarding involuntary dismissal of civil appeals. *Rodriguez v. State,* 970 S.W.2d 133, 135 (Tex.App.—Amarillo 1998, pet. ref'd). In that case,

---

1. Unless otherwise indicated, we refer to the Texas Rules of Appellate Procedure.

2. Under former Rule 53(m), we could order an abandonment hearing when an appellant failed to file a reporter's record (statement of

the appellant neither paid for the clerk's record nor responded to the appellate court's inquiry. *Id.* Notably, she was represented by retained counsel and was free on bond. *Id.* at 134. The court emphasized that the appellant's own nonfeasance allowed her to remain free on bond, implicitly abusing the appellate process. *See id.* at 135. Accordingly, the court dismissed the appeal. *Id.* (invoking the provisions of Rule 42.3(a-c)).

The concerns raised by our sister court are not relevant here. Tippett is currently in jail and may be indigent. Without additional information, we cannot determine whether or not to apply Rule 37.3 and dismiss his appeals for want of prosecution. We therefore invoke Rule 2 to apply the procedures of Rule 38.8(b), which requires the trial court to hold a hearing to determine whether appellant desires to prosecute the appeals, whether he is indigent, and whether counsel has abandoned the appeal. *See* TEX.R.APP. P. 38.8(b)(2).[2] Accordingly, by separate order, we remand the matter to the trial court.

---

facts). We also ordered abandonment hearings under the authority of former Rule 83 when an appellant failed to file a clerk's record (transcript).