Jon Russell **SUTHERLAND,**
**Jr., Appellant,**

v.

The **STATE** of Texas, **Appellee.**

No. 01–03–00808–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 19, 2004.

Jeffrey David Sasser, Houston, TX, Appellant.

Renee Ann Mueller, District Attorney, Washington and Burleson County, Brenham, TX, for Appellee.

Panel consists of Chief Justice RADACK, and Justices TERRY JENNINGS and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Jon Russell Sutherland, Jr., was convicted of criminal trespass on July 30, 2003, and sentenced to confinement in the Washington County jail for one year. According to the Washington County District Clerk's office, appellant's counsel filed notice of appeal on that same date. The trial court's certification states that appellant has the right to appeal.

Neither the clerk's record nor the reporter's record was ever filed in this Court. We note from the initial documents filed by the district clerk's office that appellant is not incarcerated and that his appellate counsel, Jeffrey Sasser, is retained. On October 30, 2003, we ordered that, unless by November 21, 2003, appellant filed: (1) the clerk's and reporter's records, (2) proof of payment for the records, or (3) a motion to abate the appeal for an indigency hearing, the appeal may be dismissed for want of prosecution. On November 13, 2003, a Washington County Deputy District Clerk submitted a motion for extension of time to file the clerk's record, stating that no payment had been made for the clerk's record. Nothing further has been filed in reference to this appeal.

■ Involuntary dismissal of criminal appeals is addressed in Rule 42.4 of the Rules of Appellate Procedure. According to the rule, an appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and has not voluntarily returned to lawful custody within 10 days after escaping. Tex.R.App. P. 42.4. The rule does not authorize involuntary dismissal of an appeal in a criminal case in any other circumstance.

Faced with a situation similar to ours, the Amarillo Court of Appeals relied upon Rule 2 of the Rules of Appellate Procedure to suspend the operation of Rule 42.4, and substituted Rule 42.3 ("Involuntary Dismissal in Civil Cases") because it permits involuntary dismissal for want of prosecution. *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex.App.-Amarillo 1998, pet. ref'd); Tex.R.App. P. 2, 42.3. We decline to suspend the operation of Rule 42.4 because the circumstances of this appeal are addressed by Rule 37.3.

Rule 37.3(b) provides:

**If the trial court clerk failed to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may—on a party's motion or its own initiative—dismiss**

the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. The court must give the appellant a reasonable opportunity to cure before dismissal.

TEX.R.APP. P. 37.3(b). (Emphasis added.) This rule is not limited to either civil or criminal appeals, and is therefore applicable to both.

Generally, a criminal appeal may not be dismissed for want of prosecution, although it may be considered without a reporter's record and without briefs. A case may be considered without a reporter's record if an appellant who is not indigent fails to pay for it. *See* TEX.R.APP. P. 37.3(c). A criminal appeal may be considered without briefs if the trial court has found that the appellant: (1) no longer desires to prosecute the appeal, or (2) is not indigent, but has not made the necessary arrangements for filing a brief. *See* TEX.R.APP. P. 38.8(b)(4). It is notable that in both instances, there is a clerk's record that may be reviewed for error. *See, e.g., Ashcraft v. State,* 802 S.W.2d 905, 906 (Tex.App.-Fort Worth 1991, no pet.); *Meza v. State,* 742 S.W.2d 708, 708–09 (Tex.App.-Corpus Christi 1987, no pet.).

When no clerk's record is filed, however, there is nothing to review even for fundamental error. When a criminal appellant who is not indigent refuses to pay even for the clerk's record, particularly when he or she is free on bond, then it is not too harsh to dismiss the appeal for want of prosecution. We do so in this case in reliance on Rule 37.3(b).

The appeal is **dismissed for want of prosecution.**

The district clerk's motion for extension of time is **denied as moot.**