RUTH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-105-CR

JOHN VINCENT RUTH, II APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE COUNTY COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Vincent Ruth, II was convicted of discharge of a firearm within the city limits of Weatherford, Texas and sentenced to payment of a fine and court costs.  Appellant’s counsel filed a notice of appeal, and the trial court’s certification states that appellant has the right to appeal.

Neither the clerk’s record nor the reporter’s record was ever filed in this court.  We note from the initial documents filed by the district clerk’s office that appellant is not incarcerated and that his trial and appellate counsel, Jack G. Neal, is retained.  On April 21, 2004, we notified appellant that the appeal would be dismissed for want of prosecution unless appellant made arrangements to pay for the clerk’s record and provided this court with proof of payment by May 6, 2004.  On May 6, 2004, appellant’s counsel asked us to delay dismissing the appeal until May 14 in order to give him time to communicate with his client to obtain authorization for payment for preparation of both the clerk’s and reporter’s records.  Appellant’s counsel also stated that if he had not obtained authorization from appellant by May 13, 2004, he would file a motion to withdraw as counsel on May 14, 2004.  No motion to withdraw as counsel has been filed, and nothing has been filed concerning payment for the clerk’s record.

Involuntary dismissal of criminal appeals is addressed in rule 42.4 of the rules of appellate procedure.  According to the rule, an appellate court must dismiss an appeal on the State’s motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and has not voluntarily returned to lawful custody within ten days after escaping.  
Tex. R. App. P.
 42.4.   The rule does not authorize involuntary dismissal of an appeal in a criminal case in any other circumstance.

Rule 37.3(b) makes no such distinction between criminal and civil cases.  Rule 37.3(b) provides:

If the trial court clerk failed to file the clerk’s record because the appellant failed to pay or make arrangements to pay the clerk’s fee for preparing the clerk’s record, the appellate court may—on a party’s motion or its own initiative—dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs.  The court must give the appellant a reasonable opportunity to cure before dismissal.

Tex. R. App. P.
 37.3(b).  Because this rule is not limited to either civil or criminal appeals, it is applicable to both.  
Sutherland v. State, 
No. 01-03-00808-CR, 2004 WL 306114, at *1(Tex. App.—Houston [1
st
 Dist.] Feb. 19, 2004, no pet. h.).

Generally, a criminal appeal may not be dismissed for want of prosecution although it may be considered without a reporter’s record and without briefs.  A case may be considered without a reporter’s record if an appellant who is not indigent fails to pay for it.  
See 
Tex. R. App. P.
 37.3(c).  A criminal appeal may be considered without briefs if the trial court has found that the appellant (1) no longer desires to prosecute the appeal, or (2) is not indigent, but has not made the necessary arrangements for filing a brief.  
See 
Tex. R. App. P.
  38.8(b)(4).  It is notable that in both instances, there is a clerk’s record that may be reviewed for error.  
See id
.; 
Sutherland v. State, 
No. 01-03-00808-CR, 2004 WL 306114, at 1.

When no clerk’s record is filed, however, there is nothing to review even for fundamental error.  When a criminal appellant who is not indigent refuses to pay even for the clerk’s record, particularly when he or she is not incarcerated, then it is not too harsh to dismiss the appeal for want of prosecution.  
Sutherland v. State, 
No. 01-03-00808-CR, 2004 WL 306114, at 1.  Thus, because the record shows that appellant is not indigent and has refused to pay for the clerk’s record, we dismiss this appeal for want of prosecution.  
S
ee
 
Tex. R. App. P.
 37.3(b).

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 17, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.