COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-105-CR
 
 
JOHN VINCENT RUTH, II                                                        APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE COUNTY COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
John Vincent Ruth, II was convicted of discharge of a firearm within the city 
limits of Weatherford, Texas and sentenced to payment of a fine and court 
costs.  Appellant’s counsel filed a notice of appeal, and the trial 
court’s certification states that appellant has the right to appeal.
        Neither 
the clerk’s record nor the reporter’s record was ever filed in this 
court.  We note from the initial documents filed by the district clerk’s 
office that appellant is not incarcerated and that his trial and appellate 
counsel, Jack G. Neal, is retained.  On April 21, 2004, we notified 
appellant that the appeal would be dismissed for want of prosecution unless 
appellant made arrangements to pay for the clerk’s record and provided this 
court with proof of payment by May 6, 2004.  On May 6, 2004, appellant’s 
counsel asked us to delay dismissing the appeal until May 14 in order to give 
him time to communicate with his client to obtain authorization for payment for 
preparation of both the clerk’s and reporter’s records.  Appellant’s 
counsel also stated that if he had not obtained authorization from appellant by 
May 13, 2004, he would file a motion to withdraw as counsel on May 14, 
2004.  No motion to withdraw as counsel has been filed, and nothing has 
been filed concerning payment for the clerk’s record.
        Involuntary 
dismissal of criminal appeals is addressed in rule 42.4 of the rules of 
appellate procedure.  According to the rule, an appellate court must 
dismiss an appeal on the State’s motion, supported by affidavit, showing that 
the appellant has escaped from custody pending the appeal and has not 
voluntarily returned to lawful custody within ten days after escaping. Tex. R. App. P. 42.4. The rule does not 
authorize involuntary dismissal of an appeal in a criminal case in any other 
circumstance.
        Rule 
37.3(b) makes no such distinction between criminal and civil cases. Rule 37.3(b) 
provides:
 
If the 
trial court clerk failed to file the clerk’s record because the appellant 
failed to pay or make arrangements to pay the clerk’s fee for preparing the 
clerk’s record, the appellate court may—on a party’s motion or its own 
initiative—dismiss the appeal for want of prosecution unless the appellant was 
entitled to proceed without payment of costs.  The court must give the 
appellant a reasonable opportunity to cure before dismissal.

 
Tex. R. App. P. 37.3(b).  Because 
this rule is not limited to either civil or criminal appeals, it is applicable 
to both.  Sutherland v. State, No. 01-03-00808-CR, 2004 WL 306114, 
at *1(Tex. App.—Houston [1st Dist.] Feb. 19, 2004, no pet. h.).
        Generally, 
a criminal appeal may not be dismissed for want of prosecution although it may 
be considered without a reporter’s record and without briefs.  A case may 
be considered without a reporter’s record if an appellant who is not indigent 
fails to pay for it.  See Tex. 
R. App. P. 37.3(c).  A criminal appeal may be considered without 
briefs if the trial court has found that the appellant (1) no longer desires to 
prosecute the appeal, or (2) is not indigent, but has not made the necessary 
arrangements for filing a brief.  See Tex. R. App. P. 38.8(b)(4). It is 
notable that in both instances, there is a clerk’s record that may be reviewed 
for error.  See id.; Sutherland v. State, No. 01-03-00808-CR, 
2004 WL 306114, at 1.
        When 
no clerk’s record is filed, however, there is nothing to review even for 
fundamental error.  When a criminal appellant who is not indigent refuses 
to pay even for the clerk’s record, particularly when he or she is not 
incarcerated, then it is not too harsh to dismiss the appeal for want of 
prosecution.  Sutherland v. State, No. 01-03-00808-CR, 2004 WL 
306114, at 1.  Thus, because the record shows that appellant is not 
indigent and has refused to pay for the clerk’s record, we dismiss this appeal 
for want of prosecution.  See Tex. 
R. App. P. 37.3(b).
  
  
                                                          PER 
CURIAM
  
 
PANEL D:   GARDNER, 
WALKER, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: June 17, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.