COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-221-CR

 

 

ELIZABETH ANNE ROHR                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

      FROM
THE COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On May 4, 2006, we ordered
appellant to pay for the clerk=s record on or before May 24, 2006 and provide this court with written
proof of payment on or before that date. 
See Tex. R. App. P.
35.3.  We also stated that no further
extensions of time to pay for the record would be granted and that failure to
pay for the clerk=s record in
accordance with our May 4, 2006 order would result in dismissal of this case
for want of prosecution.  See Tex. R. App. P. 37.3(b).

On May 25, 2006, we received
notice from the trial court clerk that appellant had not made arrangements to
pay for the clerk=s
record.  Because appellant still has not
made payment arrangements for the clerk=s record, it is the opinion of the court that the appeal should be
dismissed for want of prosecution. 
Accordingly, we dismiss the appeal for want of prosecution.  See Tex.
R. App. P. 37.3(b), 43.2(f); Sutherland v. State, 132 S.W.3d 510,
512 (Tex. App.CHouston [1st
Dist.] 2004, no pet.).[2]

 

PER CURIAM

 

PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 8, 2006











[1]See Tex.
R. App. P. 47.4.





[2]We also deny appellant=s motion to reconsider indigence.