NO. 07-07-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 10, 2008
_____

FRANK HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY;

NO. 2005-CR-2133; HONORABLE RANDY GRAY, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Frank Herrera, appearing *pro se* here and in the trial court, appeals his conviction for theft of services. We dismiss the appeal for want of prosecution.

Appellant was convicted by a jury for theft of services of $500 or more but less than $1,500, on June 1, 2007. The court sentenced him to 180 days in jail probated for twenty four months, ten days shock jail time, and a fine. Appellant filed a notice of appeal June 14 and the trial court certified a right of appeal. On August 29, appellant filed a printed document in this court denominated "Petition for Discretionary Review."

Contemporaneously he filed a handwritten motion alleging indigence and requesting appointment of appellate counsel. The motion contained no data supporting appellant's claimed indigence. Appellant filed a second "Petition for Discretionary Review" in this court on October 15. The clerk's record and reporter's record were not timely filed nor did the clerk or reporter request an extension of time for preparation of the record.

Given these facts, as well as an apparent issue concerning appellate certification, we abated the case by opinion of October 19, 2007, with instructions for the trial court to conduct a hearing to determine, *inter alia*, appellant's indigence and whether he was entitled to appointed counsel and a free record.

On October 29, appellant filed a document with this court entitled "Affidavit of Indigence." It bore a file stamp from the clerk of the trial court of May 31, 2007. In the affidavit, appellant swore he had no monthly income, had no checking or savings accounts, received no "contributions for household support," had five minor dependant children, and received medicaid and food stamps for the children. Appellant further averred he was not able to pay "court costs." Appellant did not request appointment of counsel nor did he declare an inability to employ counsel of his own choosing.[1] The affidavit did not address appellant's ownership of assets other than checking or savings accounts or address spousal income available to appellant.[2]

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 26.04(o) (Vernon Supp. 2007).

[2] *See* Tex. Code Crim. Proc. Ann. art. 26.04(m) (Vernon Supp. 2007).

The trial court convened a hearing on November 7, 2007, to consider the issues listed in our October 19 opinion. Although the record reveals the court administrator gave him notice by mail on October 26, appellant did not appear at the hearing.

The reporter's record of the trial court's November 7 hearing, and the trial court's detailed findings of fact made pursuant to our instructions, were filed. They address appellant's indigence claim. The trial court concluded appellant was not indigent and not entitled to appointed appellate counsel or a free record.[3] Evidence admitted at the November 7 hearing supports the court's conclusions.

After we received the record from the November 7 hearing, by letter of November 28 we directed appellant to file written proof of payment or satisfactory arrangements for preparation of the reporter's record and clerk's record within twenty days. Citing appellate rule 37.3(b), we advised appellant that failure to comply as to the clerk's record would render his appeal subject to dismissal for want of prosecution.

In documents filed in this court on November 29 and December 17, appellant appears to argue from appellate rule 20.1 that because no party contested his May 31, 2007, affidavit he was entitled to appointed counsel and a free record. *See* Tex. R. App.

_____

[3] The trial court's findings note appellant was denied an appointed counsel prior to trial, and that the court three times ordered him to employ counsel. The findings also cited trial testimony by appellant and his wife asserting information inconsistent with a finding of indigency, under either the standard set out in appellate rule 20.2 for eligibility for a free appellate record or that set out in article 26.04 of the code of criminal procedure for entitlement to appointed counsel. *See* Tex. Code Crim. Proc. Ann. art. 26.04(o) (Vernon Supp. 2007); Tex. R. App. P. 20.2; *Whitehead v. State*, 130 S.W.3d 866, 878 (Tex.Crim.App. 2004) (describing and applying both indigency standards).

3

P. 20.1(e), (f). Rule 20.1 applies to a party seeking to proceed with appeal of a civil case without advance payment of costs because of indigence. It contains no provision for appointment of counsel. Rule 20.1 has no application in this criminal case.

Neither document filed by appellant after our November 28 letter to him challenges the trial court's findings or conclusions, or offers an explanation for his absence from the November 7 hearing. In letters filed in this court on December 27, the trial court clerk and court reporter informed us that appellant had not contacted them and had not made arrangements for payment of the record.

Appellant has not supplied written proof of payment or satisfactory arrangements as required by our November 28 letter. The reports of the clerk and court reporter indicate he took no steps even to make payment arrangements for the $172 clerk's record.

We find the clerk's record has not been filed because appellant has failed to pay or make arrangements to pay the clerk's fee for preparing the record. We find also appellant has had a reasonable opportunity to cure his failure. Tex. R. App. P. 37.3(b). Accordingly, and on our own initiative, we dismiss this appeal for want of prosecution.[4]

James T. Campbell
Justice

Do not publish.

_____

[4] *See Rodriguez v. State,* 970 S.W.2d 133, 135 (Tex. App.–Amarillo 1998, pet. ref'd) (applying appellate rule 2 in similar circumstances). *See also Sutherland v. State,* 132 S.W.3d 510, 511-12 (Tex.App.–Houston [1st Dist.] 2004, no pet.).