

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00442-CR

ROSSER B. MELTON, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rosser B. Melton, Jr., pro se, attempts to appeal his misdemeanor conviction for driving without a seat belt. On October 25, 2013, we received a notice from the trial court clerk that Melton had not paid or made arrangements to pay the balance of the clerk's fee for the preparation of the

---

[1]*See* Tex. R. App. P. 47.4.

clerk's record.[2]  *See* Tex. R. App. P. 35.3(a)(2).  On October 28, 2013, we notified Melton that this appeal would be dismissed for want of prosecution unless, by November 7, 2013, he made arrangements to pay for the clerk's record and provided the court with proof of payment.  *See* Tex. R. App. P. 37.3(b).  Melton filed a response in which he states, "If you would look at the website, www.seatbeltwont.com, you would see there all the essential elements of a clerk's record, plus some more material, including Appellant's first brief . . . ." He urges that he is "trying to conduct an appeal [by] making maximum use of the Internet."

The Texas Rules of Appellate Procedure govern procedure in Texas appellate courts.  Tex. R. App. P. 1.1.  They provide in relevant part that the trial court clerk is responsible for preparing, certifying, and filing the clerk's record with the court of appeals, and they identify the items that must be included in the record.  *See* Tex. R. App. P. 34.5(a), 35.3(a)(2).  The form of the appellate record in criminal cases is set out in an appendix to the rules, as ordered by the court of criminal appeals.  *See* Tex. R. App. P. Appendix (West 2003).  The rules do not allow the court of appeals to peruse documents purportedly contained on a random website in lieu of a properly prepared and filed clerk's record.

That being the case, we may dismiss an appeal for want of prosecution if the clerk does not file the clerk's record because the appellant failed to pay or

---

[2]Melton is not indigent.

make arrangements to pay for the record.  Tex. R. App. P. 37.3(b).  Accordingly, because Melton has failed to pay or make arrangements to pay for the clerk's record, and the record has not been filed, we dismiss this appeal for want of prosecution.  *See* Tex. R. App. P. 37.3(b), 43.2(f); *Sutherland v. State*, 132 S.W.3d 510, 511–12 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 27, 2013

3