

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00316-CR

KELLY DAWN KUNKEL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
## TRIAL COURT NO. 1348604

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kelly Dawn Kunkel was charged with class A misdemeanor driving while intoxicated (DWI). *See* Tex. Penal Code Ann. §§ 49.04(a), .09(a) (West Supp. 2014). She bonded out while awaiting trial and retained counsel. A jury convicted her of the offense on July 22, 2014, and the trial court sentenced her to 365 days in jail and a $1,000 fine, suspended the imposition of the

---

[1]*See* Tex. R. App. P. 47.4.

sentence, and placed Kunkel on twenty-four months' community supervision. *See id.* § 12.21 (West 2011) (stating that an individual adjudged guilty of a Class A misdemeanor shall be punished by a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both). Kunkel filed a notice of appeal.

On November 18, 2014, the court reporter responsible for preparing the reporter's record in this appeal informed us that payment arrangements and designation had not been made. We then informed Kunkel that unless she made payment arrangements and designated what to include in the reporter's record, the court could consider and decide the issues that did not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Shortly thereafter, when Kunkel's trial counsel moved to withdraw, we abated the appeal for the trial court to determine whether Kunkel still wanted to appeal and whether counsel should be appointed for her.

Pursuant to our abatement order, the trial court held a hearing on December 17, 2014. At the hearing, Kunkel stated that she still wanted to pursue the appeal.[2] The trial court informed Kunkel that she had until January 16, 2015, to either hire an attorney or to inform the court if she decided to proceed pro se so that the trial court could hold another hearing to address self-representation.

---

[2]Kunkel also sought appointment of counsel for her appeal, but because her affidavit of indigency reflected that she received a high annual salary and that her monthly income exceeded her monthly expenses, the trial court found her "Not Indigent."

On January 16, 2015, the trial court held the second hearing. Kunkel told the trial court that while she had one more attorney to meet with, she would declare that she would be proceeding pro se "at this point." In light of the $400 estimate that the court reporter had provided to Kunkel for a partial reporter's record, the trial court directed Kunkel to give the court reporter a designation within seven days and a deposit of at least $200 within thirty days. Otherwise, the trial court told Kunkel, it would recommend to this court that her appeal be dismissed. As directed, on January 23, 2015, Kunkel filed a "Designation of Record on Appeal," listing items for the court reporter and the trial court clerk to prepare.[3] *See* Tex. R. App. P. 34.5(a), 34.6(b)(1).

The following week, the trial court signed an order scheduling another hearing in this matter for February 17, 2015. The order stated that the hearing would be cancelled if Kunkel obtained counsel and paid a deposit to the court reporter for the reporter's record prior to the hearing date. The order further provided that if Kunkel had not obtained counsel, the hearing would go forward, at which time Kunkel would be admonished by the trial court on self-representation. The trial court's order also provided that if a deposit had not been paid by February 17, 2015, the trial court would recommend termination of the appeal.

---

[3]It appears from this record that she never made a deposit or paid for a reporter's record, however.

On February 17, 2015, the trial court held the third and final hearing. The trial court recited that at a previous hearing, it had directed Kunkel to make a designation of the record, make a deposit for the court reporter, and advise the trial court whether she intended to proceed pro se if she was not going to hire a lawyer. The trial court then noted that although Kunkel had been notified about the hearing, she "wholly failed to appear." The trial court concluded that Kunkel did not intend to pursue the appeal and that her actions "appear[ed] to be more of a tactic to delay the inevitable."[4] The trial court recommended that this court dismiss the appeal with prejudice and issue mandate.

On February 24, 2015, we informed Kunkel that upon review of the supplemental clerk's records and reporter's records filed during the abatement, and in light of the court reporter's records showing that she was not found indigent and had still not made arrangements to pay for the reporter's record, the court would consider her appeal based on the issues that did not require a reporter's record[5] and that if she desired to file a brief, she had to so inform the court by March 9, 2015, or the court could decide her appeal without a brief. *See* Tex. R. App. P. 2, 38.8(b)(4).

---

[4]Kunkel remained out on bond while her appeal was pending in this court.

[5]A case may be considered without a reporter's record if an appellant who is not indigent fails to pay for it. *See Sutherland v. State*, 132 S.W.3d 510, 512 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing Tex. R. App. P. 37.3(c)).

On March 10, 2015, Kunkel notified us that she had hired attorney Josh Lopez to assist her in the case and that her attorney had sent her a text message on February 15, 2015 to inform her that his notice of representation had been filed. On March 13, 2015, we informed Kunkel that in light of her response stating that she had hired an attorney and desired to file a brief, her brief would be due on or before April 13, 2015. We warned Kunkel that if her brief was not filed by April 13, 2015, we could decide her appeal without a brief. *See* Tex. R. App. P. 2, 38.8(b)(4). Kunkel filed a change of address with the court on April 29, 2015, but she did not file a brief by the briefing deadline.

On May 26, 2015, we informed Kunkel that a notice designating Lopez as lead counsel in the appeal had still not been filed, that her brief was past due, and that unless she filed with the court on or before June 5, 2015, a motion reasonably explaining the failure to file a brief and the need for an extension, we would decide her appeal without a brief.[6] *See* Tex. R. App. P. 2, 10.5(b), 38.8. Since that time, Kunkel has not filed a motion or any other response, and the State has not sought to file a brief in this case. Therefore, we will consider the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4).

When an appellant fails to file a brief, no issues or points are properly before the court, *see* Tex. R. App. P. 38.1(f), and appellate review is limited to

---

[6]The clerk of this court checked the purported mailing address of Kunkel's alleged counsel and determined that it was the address for JPS Urgent Care Center. The clerk also checked the State Bar of Texas website and did not find a "Josh Lopez" licensed to practice in Fort Worth or anywhere else in Texas.

unassigned fundamental errors.[7]  *See Baker v. State*, No. 02-14-00157-CR, 2015 WL 392640, at *2 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op. on reh'g, not designated for publication).  We have reviewed the record in the interest of justice, *see* Tex. R. App. P. 38.8(b)(4), and found no unassigned fundamental error.  *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).  Therefore, we affirm the trial court's judgment.


/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 1, 2015

---

[7]The court of criminal appeals has enumerated the following fundamental errors:  (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge that taint the presumption of innocence.  *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002).  Here, Kunkel retained trial counsel and received a jury trial, the county court had jurisdiction over her, *see* Tex. Code Crim. Proc. Ann. arts. 4.01(8), 4.07 (West 2015), and nothing in pertinent penal code provisions suggests a separation-of-powers or ex-post-facto violation.  The jury charge does not reflect any errors that might give rise to egregious harm (and Kunkel did not make arrangements to pay for a reporter's record that might otherwise demonstrate such harm), and the case was tried in Fort Worth, the county seat of Tarrant County.

6