# NO. 12-18-00022-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARY JANE RUFFIN,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 1* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Appellant, Mary Jane Ruffin, acting pro se, appeals from her conviction for speeding, for which she received a fine of $199. We dismiss the appeal for want of prosecution.

### BACKGROUND

Appellant perfected her appeal on January 29, 2018. According to the case information sheet from the county clerk, Appellant was not declared indigent. On March 15, Appellant provided this Court with a copy of her affidavit requesting a free record from the trial court.

On April 5, this Court notified Appellant that the reporter's record was due to be filed on or before April 25 and the court reporter notified this Court that the reason for the delay in filing the record is due to non-payment of the required preparation fee. The notice further stated that the appeal would be submitted on the clerk's record alone unless proof of full payment to the reporter was received by this Court no later than April 16. On April 5, the trial court denied Appellant's motion for a free record, stating that Appellant "made no offer of evidence to support her motion" and finding that Appellant's motion, "having presented no evidence to support her claim that she is entitled to a free court reporter's transcription of the proceedings and clerk's record at no costs to her, should be denied for her failure to meet her *prima facie* evidence burden in support of the same."

On April 24, the trial court clerk notified this Court that the fee for the clerk's record had not been paid. That same day, we notified Appellant that the clerk's record was due to be filed on or before April 25 and the clerk requested an extension of time to file the record, citing non-payment of the required preparation fee. We further notified Appellant that the appeal would be presented to the Court for dismissal unless proof of full payment to the clerk was provided no later than May 4, 2018. On April 26, this Court ordered that the appeal would be submitted without a reporter's record.

On May 2, Appellant filed a "Motion to Order the Twelfth Court of Appeals to Explain – How is it the Appellant Fault – Texas Rules of Appellant Procedures 37.3 (b) (c) that No Clerk Record and No Court Reporter Record is Filed - Pertaining this Criminal Appeal."[1] Her motion, which we construe as a response to our notices regarding the record, includes allegations that this Court searches for reasons to wrongfully dismiss her appeal,[2] the only reason why her case would be dismissed is because she is African-American, she notified this Court of her indigent status, she challenged the trial court's denial of her request for a free record,[3] no one contested

---

[1] Appellant has filed numerous motions with this Court, the majority of which we overruled for failure to comply with the service requirements identified in Texas Rule of Appellate Procedure 9.5. Appellant maintains that she was not required to comply with Rule 9.5 because the prosecutor requested that Appellant refrain from further contact. According to emails purportedly from the prosecutor and attached to one of Appellant's motions, the prosecutor stated:

> If you have any notices regarding your appeal, please file them through the appropriate office, and they will be served on me as necessary. Otherwise, any further email, fax or any other form of communication is unwelcome and superfluous to any legitimate legal proceeding. I am politely requesting that you cease communication to me outside what is required to perfect your appeal.
> …
> This is my second request to make any legitimate communications for the purpose of appeal through the appropriate channels. Communications, including being cc'd on emails that are not actually to me, that do not strictly concern the legal matters at hand, and are superfluous to your necessary notices are unwelcome.

We do not construe these emails as requesting that Appellant cease required legal communications with the prosecutor. Even assuming they could be so construed, all parties must still comply with Rule 9.5, which states, "At or before the time of a document's filing, the *filing party must* serve a copy on all parties to the proceeding." TEX. R. APP. P. 9.5(a) (emphasis added). Thus, pursuant to Rule 9.5, Appellant was required to serve the prosecutor with all documents that Appellant filed with this Court regardless of the prosecutor's preferences.

[2] In accordance with the Code of Judicial Conduct, this Court acts as an independent, fair, and competent judicial body. *See* TEX. CODE JUD. CONDUCT, Preamble, Canon 1, Canon 3(B)(5), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B (West 2013).

[3] Appellant filed a motion requesting that we order the trial court to submit evidence regarding a contest to her request for a free record. This motion was overruled for failure to comply with service requirements. *See* TEX. R. APP. P. 9.5.

2

her motion for a free record, and the trial court failed to provide adequate notice of the hearing on her motion.

<u>ANALYSIS</u>

When the trial court clerk fails to file the clerk's record because the appellant "failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may--on a party's motion or *its own initiative*--dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs." TEX. R. APP. P. 37.3(b) (emphasis added). In this case, Appellant requested a free appellate record, but the trial court found that she failed to establish a prima facie case of indigence. *See* TEX. R. APP. P. 20.2 ("Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge"); *see also **Whitehead v. State***, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004) (with respect to whether a defendant is indigent for purposes of obtaining a free record on appeal, the defendant must first make a prima facie showing of indigence before the burden shifts to the State to show that the defendant is not in fact indigent).[4] Accordingly, Appellant was not entitled to proceed without paying costs of the appellate record.

In accordance with Rule 37.3(b), this Court's April 24 notice gave Appellant a reasonable opportunity to cure the failure to pay or make arrangements to pay for the clerk's record, but Appellant did neither. *See* TEX. R. APP. P. 37.3(b). While we recognize Appellant's dissatisfaction with her conviction and the proceedings below, absent at least a clerk's record, there is nothing for this Court to review. *See **Sutherland v. State***, 132 S.W.3d 510, 512 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Accordingly, under the circumstances of this case, we ***dismiss*** the appeal for ***want of prosecution***. *See* TEX. R. APP. P. 37.3(b), 43.2(f). All pending motions are overruled as moot.[5]

---

[4] In her motion, Appellant cites to Texas Rule of Civil Procedure 145 regarding her claim of indigence and the absence of any contest to her request for a free record. *See* TEX. R. CIV. P. 145. This case, however, is a criminal proceeding and Appellant is not a civil litigant; thus, Rule 145 does not apply. *See* TEX. R. CIV. P. 2 (rules of civil procedure govern all actions of a civil nature); *see also **Gonzalez v. State***, No. 08-16-00257-CR, 2018 WL 1312945, at *2 (Tex. App.—El Paso Mar. 14, 2018, no pet. h.) (mem. op., not designated for publication) (Rule 145 did not apply to appellant's criminal proceeding).

[5] We also address Appellant's concerns that her motions were not presented to the Court because notices and orders are signed by members of this Court's Clerk's office, the Clerk's office engaged in ex parte communications with the court reporter, and this Court failed to timely respond to her motions. First, this Court has

Opinion delivered May 16, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

a standing order that authorizes the Court Clerk and her staff to sign on behalf of this Court's justices all orders that pertain to acquisition and filing of the record, briefs, motions, or other documents attendant to preparation of a case for submission, such as Appellant's motions. It is the responsibility of the Clerk's office to send such notices. *See* TEX. R. APP. P. 12.6. Accordingly, the signing of notices and orders by the Clerk's office does not reflect that Appellant's motions have not first been submitted to this Court for consideration. Second, communications with the Court about a case must be made through the Clerk's office; thus, it is entirely proper for the court reporter to communicate with this Court's Clerk's office. *See* TEX. R. APP. P. 9.6. Finally, Appellant's motions were of the type that the rules of appellate procedure require us to hold for no less than ten days before making a ruling. *See* TEX. R. APP. P. 10.3.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 16, 2018**

**NO. 12-18-00022-CR**

**MARY JANE RUFFIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No. 1

of Angelina County, Texas (Tr.Ct.No. 17-0567)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for want of prosecution.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed for want of prosecution**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*