**Appeals Reinstated, Motions Disposed, Appeals Dismissed, and Majority and Concurring Opinions filed January 28, 2020.**



In the

# Fourteenth Court of Appeals

## NO. 14-19-00380-CR
## NO. 14-19-00381-CR

## CARLOS MICHAEL LOPEZ, Appellant

v.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1564443 and 1564444**

## CONCURRING OPINION

Is there any general rule similar to Texas Rule of Appellate Procedure 42.3 that authorizes an involuntary dismissal in a criminal case? *See* Tex. R. App. P. 42.3 (involuntary dismissal in civil case either on party's motion or appellate court's own initiative after giving ten days' notice to all parties). No, there is no such counterpart in a criminal case. Texas Rule of Appellate Procedure 42.4 only authorizes an involuntary dismissal in a criminal case on the State's motion when the appellant

has escaped from custody.[1] *See Sutherland v. State*, 132 S.W.3d 510, 511–12 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Because the Texas Rules of Appellate Procedure do not set forth a procedure to dismiss a criminal case before submission of briefs, *e.g.*, a case in which the appellate court lacks jurisdiction, the question that arises is how should the parties and the court proceed?

In these appeals, the State preemptively moved for involuntary dismissals, arguing that appellant waived his right to appeal in return for the State waiving its right to jury trials. The State cites no statute or rule allowing it to file such motions. On behalf of appellant, the Harris County Public Defender moved to strike the involuntary dismissals, stating in relevant part:

> Rule 10 also states that a party may move for relief "unless these rules prescribe another form." TEX. R. APP. PRO. 10(a). It turns out that

---

[1] The criminal rule allowing involuntary dismissal if appellant escapes from custody dates back to an 1876 statute. Act approved Aug. 21, 1876, 15th Leg., R.S., ch. 131, § 1, art. 721, 1876 Tex. Gen. Laws 217, 217, *recodified and repealed by* 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 845, § 3, 1879 Tex. Crim. Stat. n.p. (Penal Code pagination), n.p. (Code of Criminal Procedure pagination), 101, 157 (repealer), *amended by* Act approved Apr. 13, 1892, 22d Leg., 1st C.S., ch. 16, § 31, 1892 Tex. Gen. Laws 34, 38, *recodified and repealed by* 1895 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 880, § 3, 1895 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 121, 182 (repealer), *recodified by* 1911 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 912, § 3, 1911 Tex. Crim. Stat. n.p. (Penal Code), n.p. (Code of Criminal Procedure), 262 (no repealer of 1895 Code of Criminal Procedure; *see Berry v. State,* 156 S.W. 626, 635 (Tex. Crim. App. 1913)), *recodified and repealed by* 1925 Penal Code and Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 824, § 3, art. 1, 1925 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 131, 181 (repealer for both 1895 and 1911), *amended by* Act approved Mar. 10, 1933, 43d Leg., R.S., ch. 34, § 1, 1933 Tex. Gen. Laws 64, 64, *recodified and repealed by* 1965 Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 44.09, secs.1(a), 2, [2] 1965 Tex. Gen. Laws 317, 513, 563 (repealer), *amended by* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 128, 1981 Tex. Gen. Laws 761, 815, *repealed authorized by* Act of May 27, 1985, 69th Leg., ch. 685, § 4, 1985 Tex. Gen. Laws. 2472, 2472 *and repealed* Tex. R. App. P. 60(b), 11 Tex. Reg. 1939, 2001, 49 Tex. B.J. 558, 576 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986), *amended by* Tex. R. App. P. 42.4, 60 Tex. B.J. 878, 923 (Tex. Crim. App. Aug. 15, 1997, eff. Sept. 1, 1997) (apparently no publication in *Texas Register*; *see* Tex. Gov't Code Ann. § 22.108(c)). The rule is discussed in 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* §§ 55:119–55.127 (3d ed. 2011).

the Appellate Rules address—and very narrowly limit—the State's ability to move for the dismissal of an appeal in criminal cases. Rule 42 prescribes that the State may move for "involuntary dismissal in criminal cases," precisely what the State seeks in its motion here, only on a sworn motion that alleges the appellant has escaped custody and not returned within ten days. TEX. R. APP. PRO. 42.4. [Appellant] has not escaped custody, nor does the State allege so. "The Rule does not authorize involuntary dismissal of an appeal in a criminal case in any other circumstance." *Sutherland v. State*, 132 S.W.3d 510, 511–12 (Tex. App.—Houston [1st Dist.] 2004) (explaining Rule 42.4 permits court to dismiss appeal on State's motion in single circumstance of escape). *See also Cuellar v. State*, 13 S.W.3d 449, 452 (Tex. App.— Corpus Christi 2000) (applying Rule 42 strictly to hold it could not dismiss appeal) and *Cockrum v. State*, No. 04-99-00005-CR, 2000 Tex. App. LEXIS 4107, at *1–3 (Tex. App.—San Antonio June 21, 2000 – not designated for publication) (same). The State may not move to dismiss his appeal.[2]

. . . .

A narrow rule in criminal cases makes sense. The dismissal of a criminal appeal is a severe remedy that denies to a defendant an important right. Moreover, waiver claims are complex issues. The validity of an alleged waiver is often hotly contested, the outcome of which depends on a long body of cases and a thorough review of the record. *See*, *e.g.*, *Carson v. State*, 559 S.W. 3d 489 (Tex. Crim. App.

---

[2] The Public Defender added this footnote:

The Amarillo Court of Appeals many years ago invoked Appellate Rule 2 to suspend Rule 42.4 and apply 42.3 to a criminal case to dismiss an appeal where the Clerk's Record had not been filed. *See Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998) and *Calderon v. State*, No. 07-97-0417-CR, 1998 Tex. App. LEXIS 2898, at *3–7 (Tex. App.—Amarillo May 15, 1998 – not designated for publication). Other courts of appeals expressly declined to follow the Amarillo Court's practice. *See Sutherland*, 132 S.W.3d at 511–12; *Tippett v. State*, 2 S.W.3d 462, 463 (Tex. App.—San Antonio 1999). Perhaps having determined that suspending the appellate rules was unwise, or just realizing that the Appellate Rules permit the court to dismiss for want of prosecution in that situation, the Amarillo Court appears to have abandoned applying Rule 42.3 to criminal cases. *See, e.g., Coronado v. State*, No. 07-11-00302-CR, 2012 Tex. App. LEXIS 334, at *2 (Tex. App.—Amarillo Jan. 13, 2012– not designated for publication) (relying on 37.3 to dismiss) and *Herrera v. State*, No. 07-07-0299-CR, 2008 Tex. App. LEXIS 171, at *3–5 (Tex. App.—Amarillo Jan. 10, 2008– not designated for publication) (same).

2018) (reviewing line of pre-sentence waiver cases before carefully examining record below to find waiver). To decide a waiver claim, the court of appeals must not only review the written agreement between the parties but also the formal record; it must apply general contract principles; and it must determine whether the defendant entered the agreement knowingly, voluntarily, and intelligently. *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016), citing *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) and *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). And the appellant may raise an argument on appeal that would render the waiver itself invalid, such as voluntariness or a jurisdictional challenge. *See*, *e.g.*, *Melton v. State*, 987 S.W.2d 72, 75 n.2 (Tex. App.—Dallas 1998) (explaining court could review merits of appeal because waiver may have been involuntary). In short, motions by the State for involuntary dismissal are not only restricted by the Rules, but those based on waiver claims are by their nature ill-suited to resolution via motions. After all, a person charged by the State with having waived the important right to appeal surely deserves more time to respond than the Rules provide for decisions on motions. TEX. R. APP. PRO. 10.3.

> At bottom, the Rules do not allow for, and this Court should not entertain, the State's attempt to turn an appeal into a battle of motions. If the State believes this Court should dismiss these appeals, then it should put the argument in its brief.

The Public Defender's position is not only not unreasonable, but it also makes a credible argument that procedural due process requires the orderly handling of these appeals, one in which the State does not have the exclusive right to frame the issues.

> We asked for a response from the State. That reply states in relevant part:

> > In his motion to strike, the appellant claims that the Rules of Appellate Procedure authorize involuntary dismissal of a criminal appeal only if the appellant escapes from prison during the pendency of the appeal. Therefore, the appellant claims, the State cannot file a motion to dismiss an appeal in any other circumstance.

> > The appellant's argument is an example of begging the question. Even if the Rules of Appellate Procedure state that an appeal can be involuntarily dismissed in only one circumstance, that would apply only if this was a valid appeal. It is not.

4

There are numerous situations where criminal defendants attempt, but fail, to invoke the jurisdiction of an appellate court: Filing an untimely notice of appeal, *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); filing a notice of appeal after entering a plea bargain, *Theus v. State*, 524 S.W.3d 765, 766 (Tex. App.—Houston [14th Dist.] 2017, no pet.); filing a notice of appeal where there is no appealable order, *Ex parte Lewis*, [No.] 14-16-00629-CR, 2017 WL 6559647, at *2 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, pet. ref'd). In each of these situations the only action an appellate court can take is to dismiss the purported appeal; without jurisdiction there is nothing else to do.

The appellant filed notices of appeal after waiving his right to appeal. That fails to invoke this Court's jurisdiction. Whether on motion from the State or on its own, the only thing this Court may lawfully do with this purported appeal is dismiss it. *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (ordering court of appeals "to withdraw its opinion and dismiss the appeal" where defendant had waived right to appeal but court of appeals issued opinion addressing merits of claims).

(Footnote omitted). The State does not respond to the statement in *Sutherland* that Texas Rule of Appellate Procedure 42.4 "does not authorize involuntary dismissal of an appeal in a criminal case in any other circumstance [than defendant's escape from custody]." *Sutherland*, 132 S.W.3d at 511.

Both the plain meaning and judicial interpretations of the Texas Rules of Appellate Procedure preclude the State from moving to dismiss. If the State feels strongly that, in appeals like these, it should be able to file motions for involuntary dismissal before submission on briefs, then the State should encourage the Court of Criminal Appeals of Texas to amend Texas Rule of Appellate Procedure 42 and provide for a process similar to involuntary dismissal in a civil case.

In the absence of such a rule allowing involuntary dismissal in a criminal case, either on the State's motion, or on the appellate court's own initiative, after giving adequate notice to all parties, the courts of appeals have no uniform practice. In these

appeals the court on its own initiative gave notice of involuntary dismissals, rather than grant the State's motions to dismiss.

Still, there remains the argument that such notice is inefficient. I find this wholly unpersuasive because what is at issue is procedural due process:

> The central aim of due process is to assure fair process when the government imposes a burden on the individual. The doctrine seeks to prevent arbitrary government, avoid mistaken deprivations, allow persons to know about and respond to charges against them, and promote a sense of legitimacy of official behavior.
>
> Procedural due process does not prevent the government from making a deprivation.

*The Oxford Companion to the Supreme Court of the United States* 236 (Kermit L. Hall ed., 1992). Efficiency does not supersede the judiciary's responsibility to afford constitutional due process.

In these appeals the court has given appellant the procedural due process and due course of law to which he is entitled, and it is now appropriate to involuntarily dismiss them. And going forward this court should give procedural due process and due course of law in the absence of a rule similar to Texas Rule of Appellate Procedure 42.3.[3] I do, however, disagree with the suggestion in footnote one of the court's opinion that an appellant is not entitled to notice of an involuntary dismissal. We are required to give notice of involuntary dismissal based on want of jurisdiction in civil cases. Tex. R. App. P. 42.3(a). Presumably there are greater constitutional interests at stake in criminal cases—life and liberty—not merely property. *See* U.S. Const. amends. V, XIV, § 1 (due process); Tex. Const. art. I, § 19 (due course of

---

[3] The Court of Criminal Appeals of Texas has the power to amend the Texas Rules of Appellate Procedure and resolve this due-process and due-course issue. *See* Tex. Gov't Code Ann. § 22.108 (granting rulemaking power to court of criminal appeals in posttrial, appellate, and review procedure in criminal cases).

law). I see no reason that a party in a criminal case should have less of a right to procedural due process and due course of law than a party in a civil case. To the extent that constitutional due-process and due-course protections are perceived to be inefficient, it is a choice that we the people made some time ago in ratifying the state constitution and ratifying amendments to the federal constitution.

As long as the court gives appropriate notice of a necessary involuntary dismissal in a criminal case, I will join a future judgment of dismissal as I do in these appeals. In the meantime, I urge the Court of Criminal Appeals of Texas to amend Texas Rule of Appellate Procedure 42 and give a party in a criminal case the same due-process and due-course rights that are afforded to a party in a civil case.


/s/    Charles A. Spain
Justice


Panel consists of Justices Christopher, Spain, and Poissant. (Spain, J., concurring).

Publish — TEX. R. APP. P. 47.2(b).

7