

# NUMBER 13-22-00618-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DEREK COMLEY,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

## On appeal from the 361st District Court
## of Brazos County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Silva**

Appellant Derek Comley, proceeding pro se, filed a notice of appeal from a judgment of conviction for the possession of a controlled substance, a state jail felony.

*See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(b).[1] Comley subsequently filed a motion for the appointment of counsel for his appeal. We abated and remanded the appeal to the trial court to determine whether Comley was entitled to court-appointed counsel and whether he had abandoned his appeal. *See Carroll v. State*, 176 S.W.3d 249, 255 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (discussing the trial court's discretion to appoint counsel); *Tippett* v. State, 2 S.W.3d 462, 462–63 (Tex. App.—San Antonio 1999, no pet.) (op. on order) (abating an appeal for abandonment findings). We carried Comley's motion for the appointment of counsel with the case. We have now received the trial court's findings and conclusions regarding the events on remand. Accordingly, we reinstate this appeal.

On March 21, 2023, the trial court conducted a hearing pursuant to our abatement order. The trial court found that notice of the hearing "was mailed to Comley at his last known address." Nevertheless, "Comley was not present in Court when the case was called" or "when the [b]ailiff called Comley's name in the hallway outside the courtroom."[2] The trial court concluded that "Comley has abandoned the appeal in case no. 13-22-00618-CR."

The voluntary dismissal of a criminal appeal is governed by Texas Rule of Appellate Procedure 42.2. *See* TEX. R. APP. P. 42.2. Under this rule, the appellate court may dismiss an appeal if the appellant and his or her attorney files and signs a motion to dismiss. *See id.* R. 42.2(a). Rule 42.2 does not provide for the voluntary dismissal of a

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] We note that we previously attempted to contact Comley at all known addresses, and based on the records provided to the Court, Comley is not currently incarcerated.

criminal appeal in the absence of such a motion. *See id.* However, on our own initiative, if we find good cause, we may suspend the requirements of Rule 42.2 in a particular case to order a different procedure. *See id.* R. 2.

Based on the record presented to this Court, and the findings of the trial court from the abatement hearing, we conclude that good cause exists to suspend the requirements of rule 42.2. *See id.* R. 2, 42.2. Accordingly, we dismiss this appeal despite the absence of a written, signed motion to dismiss. *See Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd) (applying Rule 2 to dismiss a criminal appeal under civil standards); *Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (using Rule 2 to suspend the operation of Rule 42.2 to dismiss an appeal); *see also Boiser v. State*, No. 01-19-00911-CR, 2021 WL 3669627, at *2 (Tex. App.—Houston [1st Dist.] Aug. 19, 2021, no pet.) (mem. op., not designated for publication) (finding good cause to dismiss an appeal despite the absence of a Rule 42.2(a) based on trial court findings regarding abandonment of the appeal); *Jackson v. State*, No. 13-17-00252-CR, 2019 WL 1716796, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2019, no pet.) (mem. op., not designated for publication) (same); *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending the operation of Rule 42.2 and construing the record on abatement as appellant's motion to dismiss the appeal). Therefore, we dismiss Comley's motion for the appointment of counsel as moot.

CLARISSA SILVA
Justice

3

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of July, 2023.