

# NUMBER 13-24-00272-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ESTELLA ZAMORA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF DE WITT COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

Appellant Estella Zamora filed a notice of appeal from an order of deferred adjudication for the offense of possession with intent to deliver a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a) (stating that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1"), 481.112(d) (providing that an offense

under this section is a felony of the first degree when the amount of the controlled substance is four grams or more but less than 200 grams). On August 15, 2024, we abated and remanded the appeal for findings regarding: (1) whether appellant had abandoned the appeal; (2) whether appellant was indigent; and (3) whether appellant was entitled to a free appellate record due to indigency. *See Tippett v. State*, 2 S.W.3d 462, 462–63 (Tex. App.—San Antonio 1999, no pet.) (op. on order) (abating an appeal for abandonment findings). We have now received the trial court's findings and conclusions on remand and supplemental records regarding the proceedings held on remand.

On December 9, 2024, the trial court held a hearing regarding the foregoing matters. At the hearing, the appellant "represented, under oath, that [she] no longer wish[ed] to proceed with [her] appeal." The trial court concluded that "[a]ppellant **has** abandoned the appeal."

The voluntary dismissal of a criminal appeal is governed by Texas Rule of Appellate Procedure 42.2. *See* TEX. R. APP. P. 42.2. Under this rule, the appellate court may dismiss an appeal if the appellant and his or her attorney files and signs a motion to dismiss. *See id.* R. 42.2(a). Rule 42.2 does not provide for the voluntary dismissal of a criminal appeal in the absence of such a motion. *See id.* However, on our own initiative, if we find good cause, we may suspend the requirements of Rule 42.2 in a particular case to order a different procedure. *See id.* R. 2.

Based on the record presented to this Court, and the findings of the trial court from the abatement hearing, we conclude that good cause exists to suspend the requirements of Rule 42.2. *See id.* In short, the record shows that the appellant knowledgeably and

2

actively desires dismissal of the appeal. *See Hendrix v. State*, 86 S.W.3d 762, 763 (Tex. App.—Waco 2002, no pet.) (per curiam) (suspending the requirements of Rule 42.2 to dismiss an appeal); *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd) (same); *Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (same). Accordingly, the appeal is dismissed.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
6th day of March, 2025.